T.C. Memo. 2005-85

UNITED STATES TAX COURT

ARVIN E. MITCHELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10988-03.               Filed April 12, 2005.

Arvin E. Mitchell, pro se.

<u>Russell K. Stewart</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of prosecution.  By
notice of deficiency, respondent determined the following income
tax deficiencies and additions to tax with respect to
petitioner's Federal income taxes:

|       |              | Additions to tax |
|-------|--------------|------------------|
| Year  | Deficiencies | Sec. 6651(a)(1)  |
| 1998  | $41,022      | $10,255.50       |
| 2000  | 27,094       | 6,773.50         |

All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years at issue.

Background

On July 10, 2003, we filed petitioner's timely petition for redetermination with respect to his 1998 and 2000 taxable years.[1] Petitioner resided in Thorofare, New Jersey, when the petition was filed in this case.  The petition contains the following allegations of error:[2]

> Virtually all of the taxes shown should be excluded or dismissed.  There were procedural and legal issues in the handling of my case that were never properly addressed.  These relate specifically to the calculation of depreciation expense.

This case was first set for trial during the Court's

---

[1]Petitioner also sought a redetermination concerning 1997, but no notice of deficiency for 1997 was attached to the petition.  By order dated Mar. 4, 2005, we directed petitioner to show cause by Mar. 18, 2005, why his claim for relief with respect to 1997 should not be dismissed for lack of jurisdiction. Petitioner did not respond.  By order dated Mar. 28, 2005, we dismissed petitioner's claim regarding 1997 for lack of jurisdiction.

[2]The petition does not contain a specific allegation assigning error to respondent's determination that petitioner is liable for additions to tax under sec. 6651(a)(1).  Because petitioner did not contest the additions to tax in the petition, they are deemed conceded in accordance with Rule 34(b)(4).

February 9, 2004, Philadelphia, Pennsylvania, trial session. A notice setting case for trial, dated September 4, 2003, and a standing pretrial order were sent to petitioner. On January 15, 2004, petitioner moved for a continuance on the grounds that he needed more time to negotiate a settlement with the Appeals officer and to liquidate the assets necessary to satisfy any tax liability resulting from the settlement. Petitioner's motion for continuance stated in part the following:

> There are a litany of reasons for my request for continuance. As a courtesy I will just specify one of the main ones. * * *
>
> I need a continuance in order to work out the settlement. The glitch is in the payoff of the settlement. If [the Appeals officer] * * * and I agree on a "low-end" settlement amount then I can just give him a check and the matter is concluded. If however the settlement amount is near the high end of the spectrum, I will have to pay using non-cash assets. It can take several months to establish the value of these assets since the potential buyers are scattered throughout the country. [The Appeals officer's] * * * patience and flexibility in dealing with these asset liquidation issues is material to settlement of the case--for without these I would likely be motivated to pursue the litigation option. The postponement of my court date by at least several months would be ideal, although I'm realistic enough to know you may have limits.
>
> Again, if you find this reason to be insufficient, please notify me and I can have additional reasons overnighted to you since there are so many reasons. * * *

Respondent objected to the continuance, stating that petitioner failed to attend every conference that counsel for respondent or the Appeals officer had scheduled, after providing notice of his

intention not to appear on the day before or the day of each scheduled conference. Respondent stated that, as a result, petitioner never discussed settling his case. Respondent further explained that petitioner had never produced any documents since his 1998 and 2000 taxable years were selected for examination, and that petitioner had failed to comply with the Court's standing pretrial order requiring the production of documents and preparation of a stipulation of facts.

In a written response to respondent's reply to the motion for continuance, a copy of which petitioner faxed to respondent, petitioner advanced several other reasons for requesting the continuance. Petitioner attributed his failure to meet with respondent to "significant health issues" and explained that he was unable to produce many of the relevant documents because of "serious" problems with the personal computer on which the documents were stored. Petitioner further stated that many of the documents respondent requested disclosed the identities of third parties and that, pursuant to confidentiality agreements, disclosure of such information might subject petitioner to liability for liquidated damages.

Before the February 9, 2004, trial session, petitioner met with counsel for respondent but did not produce all of the requested documents. The Court also received from petitioner a

document dated February 5, 2004, which we filed as petitioner's supplement to petitioner's motion for continuance, that stated in part the following:

> I unexpectedly came across some information that will certainly satisfy my original continuance motion's requirement of extenuating circumstances or "compelling reasons." This new evidence will absolutely pass muster with respect to justifying and legitimizing my request for continuance. Therefore I request now and/or I will do so in court next week (whichever is appropriate), that I be granted a continuance in light of the new evidence.
>
> This new evidence is fairly involved and will be time-consuming to present. Thus it is more practical and useful that I do a "show and tell" as opposed to just trying to verbally explain it to you. In fact, verbal explanation alone will be useless.
>
> I look forward to presenting the new evidence in court next week.

On February 9, 2004, the day of the calendar call, petitioner faxed a letter to the Court stating that he was physically unable to appear in Court because of injuries he sustained in an accident. Petitioner later provided documentation to establish that he had been discharged from the hospital on the day before the calendar call. By order dated February 13, 2004, the case was continued generally.

The case was recalendared, and a notice dated April 1, 2004, was sent to petitioner informing him that the case had been set for trial during the Court's September 7, 2004, Philadelphia, Pennsylvania, trial session. The notice warned petitioner that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND

ENTRY OF DECISION AGAINST YOU."  A standing pretrial order dated April 1, 2004, was also sent to petitioner, which specifically stated that "The parties shall begin discussions as soon as practicable for purposes of settlement and/or preparation of a stipulation of facts"; "Continuances will be granted only in exceptional circumstances"; and "The Court may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this Order."

By letters dated May 26 and July 1, 2004, respondent requested that petitioner produce documents to support his position with respect to the deficiencies at issue, but petitioner did not respond to the letters.  On or about August 20, 2004, respondent mailed to petitioner copies of respondent's pretrial memorandum and respondent's proposed motion to dismiss for lack of prosecution.

On September 3, 2004, the Friday afternoon before the September 7, 2004, calendar call, petitioner faxed to respondent a motion for continuance and a response to respondent's motion to dismiss.  On the day of the calendar call, the Court received by overnight mail copies of petitioner's motion for continuance and response to respondent's motion to dismiss, both of which we filed on September 7, 2004.  Petitioner cited medical problems as the reason for his requesting a continuance but did not provide any documentation to prove the existence of a medical condition that would prevent him from attending the scheduled trial, other

than his notarized statement asserting that the statements in the motion for continuance regarding his health were true.

Petitioner's motion for continuance further stated the following:

Though I will try, it is unlikely I will be able to make it to trial next week. I have waited until this time to request the continuance because I have been going beyond the call of duty to take the steps that would enable me to make it to trial, at least on a part-time basis. Thus, up until now I fully hoped and expected to make it in to trial.

Had the Respondent not waited until just two weeks ago to contact me, Respondent would have learned of my condition, probably from my family members in that I have been sidelined by health issues and may not have been able to follow-up on any communications from Respondent.

*       *       *       *       *       *       *

Though it may be difficult, painful and/or may require assistance from others, I should be able to respond to any fax on the same day and I should be able to overnight you anything you request.

On September 7, 2004, respondent's counsel appeared at the calendar call and presented a motion to dismiss for lack of prosecution, which the Court filed. There was no appearance by or on behalf of petitioner. On September 7, 2004, we denied petitioner's motion for continuance and scheduled a hearing on respondent's motion to dismiss for September 9, 2004.

On the afternoon of September 7, 2004, respondent's counsel faxed a letter to petitioner informing him that the Court had scheduled a hearing on the motion to dismiss for September 9, 2004, and advising him that the Court was likely to dismiss the case for lack of prosecution if he failed to appear at the

hearing. Respondent's counsel also called petitioner on September 7 and 8, 2004, and left messages reiterating the information set forth in the letter. On September 8, 2004, the day before the hearing, petitioner faxed a letter to respondent's counsel indicating that his physicians had advised him to avoid any physical activity that might aggravate his medical condition and that he would call the Court in Washington, D.C., on the following day to inform the Court as to whether he would appear at the hearing. Petitioner did not provide any documentation concerning the existence of a medical condition that would prevent him from attending the hearing.

On September 9, 2004, the case was called for hearing. There was no appearance by or on behalf of petitioner, but petitioner had called the Court to state that he would not appear at the hearing that afternoon. Counsel for respondent appeared and presented oral arguments and produced documentary evidence in support of the motion to dismiss. We took respondent's motion to dismiss under advisement.

Respondent's motion to dismiss represents that: (1) All material allegations of fact set forth in the petition in support of the assignments of error have been denied in the answer; (2) petitioner has not raised any issues upon which respondent has the burden of proof, and respondent has not conceded any error assigned in the petition; (3) petitioner has not produced any evidence to support the assignments of error in the petition; and

(4) petitioner has failed to respond to respondent's letters requesting that petitioner attend a conference and produce his records for respondent's review.

Petitioner requests that the Court deny respondent's motion to dismiss, alleging in his September 7, 2004, response to respondent's motion that

> Had respondent not been less than diligent in his prosecution of this case, even given my medical situation there is a reasonable chance we could have brought this case to closure. As it stands, Respondent has clearly dropped the ball and it is only fair and reasonable that I be relieved of further prosecution.

Discussion

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute his case, failure to comply with the Rules of the Court or any order of the Court, or for any cause which the Court deems sufficient.  Rule 123(b).  Dismissal is appropriate where the taxpayer's failure to comply with the Court's Rules and orders is due to willfulness, bad faith, or fault.  Dusha v. Commissioner, 82 T.C. 592, 599 (1984).  In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim.  Rule 149(a); Rollercade, Inc. v. Commissioner, 97 T.C. 113, 116-117 (1991); Smith v. Commissioner, T.C. Memo. 2003-266, affd. sub nom. Hook v. Commissioner, 103 Fed. Appx. 661 (10th Cir. 2004).

Petitioner has disregarded the Court's Rules and standing pretrial order by failing to cooperate meaningfully with respondent to prepare this case for trial. Petitioner's pattern of canceling scheduled conferences, providing notice of his intent not to attend shortly before each conference was to take place, and ignoring respondent's requests for production of records made it impossible for the parties to exchange information, conduct negotiations, or prepare a stipulation of facts before trial. Petitioner also failed to prepare and submit a pretrial memorandum before either of the scheduled trial sessions, and he still has not produced all of the documents relevant to his case. Petitioner intentionally attempted to delay the proceedings by filing a motion for continuance before the September 7, 2004, trial session. See Williams v. Commissioner, 119 T.C. 276, 279-280 (2002). Petitioner's motion for continuance was filed less than 30 days before trial and failed to verify the existence of any exceptional circumstances that justified postponing the trial. See Rule 133. Moreover, petitioner failed to appear at the September 7, 2004, calendar call. Despite respondent's attempts to contact petitioner about the September 9, 2004, hearing and respondent's warning that the Court might dismiss the case if petitioner failed to attend, petitioner did not appear at the hearing on September 9, 2004, or provide proof of any legitimate reason for his failure to do so.

Petitioner's allegations that he was unable to communicate

with respondent or produce documents because of his medical condition lack credibility because petitioner apparently had access to a facsimile machine and managed to contact respondent shortly before the September 7, 2004, trial session was scheduled to begin. Moreover, petitioner's arguments implying that respondent has not diligently prosecuted this case are unfounded. Respondent has given petitioner ample opportunity to participate in the resolution of his claim and has contacted petitioner on numerous occasions to inform him of the status of the case.

We find that petitioner has failed to comply with this Court's Rules and orders and has failed properly to prosecute this case. See Rollercade, Inc. v. Commissioner, supra at 116-117; Smith v. Commissioner, supra. Petitioner's course of conduct throughout the proceedings demonstrates that these failures are due to petitioner's willfulness, bad faith, or fault, and we conclude that dismissal of this case is appropriate. Petitioner has not raised any issue upon which respondent has the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933) (Commissioner's determinations in the notice of deficiency are presumed correct; taxpayer bears the burden of proving them wrong).[3]

---

[3]Because petitioner has not introduced any credible evidence
(continued...)

Accordingly, we grant respondent's motion to dismiss this case for lack of prosecution, and we shall enter a decision sustaining respondent's determination of the deficiencies and additions to tax as set forth in the notice of deficiency.

An appropriate order
of dismissal and decision
will be entered.

---

[3](...continued) with respect to any factual issue and has failed to cooperate with respondent's requests for information, documents, meetings, and interviews, the burden of proof does not shift to respondent. See sec. 7491(a).  In addition, respondent has no obligation under sec. 7491(c) to produce evidence that the sec. 6651(a)(1) additions to tax are appropriate because petitioner is deemed to have conceded the additions to tax by failure to assign error to the additions to tax in the petition.  See Funk v. Commissioner, 123 T.C. 213 (2004); Swain v. Commissioner, 118 T.C. 358, 363-364 (2002).