T.C. Memo. 2005-165

UNITED STATES TAX COURT

GREGORY CHARLES CARLO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9750-04.                    Filed July 5, 2005.

Gregory Charles Carlo, pro se.

<u>Cynthia A. Berry</u>, for respondent.


MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This matter is before the Court on respondent's motion to dismiss for lack of prosecution pursuant to Rule 123(b).  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner did not file a 1999 Federal income tax return. Consequently, on March 12, 2004, respondent mailed a notice of deficiency for 1999 to petitioner's last known address. In the notice of deficiency, respondent determined a deficiency in petitioner's 1999 Federal income tax of $46,434, a section 6651(a)(1) failure-to-file addition to tax of $10,354.50, a section 6651(a)(2) failure to pay addition to tax,[1] and a section 6654 estimated tax addition to tax of $2,229.95.

Petitioner timely petitioned this Court for a redetermination of the deficiency. At the time of filing the petition, petitioner resided in North Chatham, Massachusetts. The petition made the following contentions:

> I would like to have a redetermination because the forms I was sent have me as single with no dependents, I am married with 2 children. In 1999 I sent all my deductions & tax information to my accountant. I am willing to pay my share, but the amount listed is more than I make in a year. Enclosed is a payment towards my 1999 taxes, so I can begin to pay something.

The Court's notice setting case for trial and standing pretrial order were served on October 1, 2004, and this case was calendared for trial on March 7, 2005. In pertinent part, the notice states:

> The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected

---

[1]The amount of any addition to tax under sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

The standing pretrial order states further:

The parties shall begin discussions as soon as practicable for purposes of settlement and/or preparation of a stipulation of facts.

* * * * * * *

The Court may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this Order.

* * * * * * *

ORDERED that all parties shall be prepared for trial at any time during the term of the trial session unless a specific date has been previously set by the court.

The instant case was referred for possible settlement to Appeals Officer Timothy M. Harrigan. Petitioner neither attended a scheduled settlement conference nor contacted the Appeals Office to reschedule.

In a letter dated December 20, 2004, respondent requested information from petitioner and advised petitioner that, if he failed to respond or appear at trial, respondent would file a

motion to dismiss, which could result in the Court's holding petitioner liable for the full amount of the deficiency plus applicable additions to tax and interest. Receiving no response to the letter of December 20, 2004, respondent subsequently called petitioner at the number petitioner provided and left a voice message requesting that petitioner contact respondent. Petitioner did not respond.

On January 26, 2005, respondent mailed petitioner a Branerton letter, see Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), requesting specific documents from petitioner and a conference on February 1, 2005. The letter again advised petitioner of the possibility of a dismissal, making petitioner liable for the full deficiency plus additions and interest. Petitioner neither attended the scheduled conference nor contacted respondent to reschedule.

When the instant case was called for trial, there was no appearance by or on behalf of petitioner. Counsel for respondent appeared and presented oral arguments in support of the instant motion to dismiss.

## Discussion

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute, failure to comply with the Rules of the Court or any order of the Court, or any cause the Court deems sufficient. Rule 123(b).

The Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim.  Id.; Rollercade, Inc. v. Commissioner, 97 T.C. 113, 116-117 (1991).

We conclude that petitioner has failed to comply with this Court's Rules and orders and has failed properly to prosecute the instant case.  Petitioner failed to appear at trial.  Petitioner did not participate in the stipulation process.  Petitioner has not submitted any evidence in support of his petition.  Neither this Court nor respondent has had any contact with petitioner since the petition was filed.  Consequently, we will grant respondent's motion to dismiss for failure to prosecute.

Rule 34(b)(4) requires that a petition in a deficiency action shall contain "clear and concise assignments of each and every error" that the taxpayer alleges the Commissioner committed in the determination of the deficiency and the additions to tax in dispute.  Rule 34(b)(5) further requires that the petition shall contain clear and concise lettered statements of the facts upon which the taxpayer bases the assignments of error.  Funk v. Commissioner, 123 T.C. 213, 215 (2004); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982).  This Court deems the parties to concede any issue, including additions to tax, not raised in the pleadings.  Rule 34(b)(4); Funk v. Commissioner, supra at 215; Jarvis v. Commissioner, supra at 658 n.19.

The petition in the instant case did not contain any specific allegations regarding any of the three additions to tax or facts to support any such allegations.  Therefore, these issues are all deemed conceded by petitioner, and respondent has no burden of production under section 7491(c).  See Funk v. Commissioner, supra; Swain v. Commissioner, 118 T.C. 358, 363-364 (2002).

Accordingly, respondent's motion to dismiss for failure properly to prosecute will be granted.

To reflect the foregoing,

Decision will be entered

under Rule 155.