T.C. Summary Opinion 2020-18

UNITED STATES TAX COURT

DARLINE FRANCOIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19351-18S.                     Filed June 30, 2020.

Darline Francois, pro se.

<u>Angela J. Capezza</u> and <u>Daniel C. Munce</u>, for respondent.

SUMMARY OPINION

GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code (Code) in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in income tax and penalties under section 6662(a) as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2014 | $8,244 | $1,648.80 |
| 2015 | 18,011 | 3,602.20 |
| 2016 | 10,331 | 1,860.60 |

This case was tried in Florida, the State of petitioner's residence when she timely filed her petition. The evidence taken included stipulated facts and exhibits, petitioner's testimony, and other exhibits admitted at trial.

Background

On her original Federal income tax return for tax year 2014, petitioner claimed deductions for the following expenses reported on Schedule C, Profit or Loss From Business: (i) car and truck expenses of $14,237, (ii) meals and entertainment of $1,710, (iii) repairs and maintenance of $1,687, (iv) insurance of $5,826, (v) office expense of $612, and (vi) "other" expenses of $11,340.

On her original Federal income tax return for tax year 2015, petitioner claimed deductions for the following Schedule C expenses: (i) car and truck

expenses of $15,186, (ii) meals and entertainment of $3,129, (iii) repairs and maintenance of $4,240, (iv) insurance of $1,300, (v) office expense of $3,389, (vi) legal and professional services of $2,810, (vii) travel of $5,971, (viii) utilities of $2,904, and (ix) "other" expenses of $16,260.

On her original Federal income tax return for tax year 2016, petitioner claimed deductions for the following Schedule C expenses:  (i) car and truck expenses of $3,660, (ii) meals and entertainment of $1,226, (iii) repairs and maintenance of $1,142, (iv) insurance of $1,314, (v) office expense of $1,028, (vi) travel of $1,474, (vii) utilities of $2,987, and (viii) other expenses of $15,026.

Respondent issued a notice of deficiency disallowing petitioner's unsubstantiated Schedule C deductions for the tax years 2014, 2015, and 2016. Respondent also determined that petitioner received taxable interest income of $46, which she did not include on the 2016 return.  However, petitioner included the taxable interest income on her amended return for 2016 in the record.

Respondent determined that petitioner erroneously reported a loss on Schedule E, Supplemental Income and Loss, of $195,000, which reportedly offset a taxable capital gain for the tax year 2014.  Respondent also concluded that petitioner received taxable Schedule E rental income of $500 that she did not include on her 2015 tax return.

In the notice of deficiency respondent also determined that petitioner received taxable wages of $8,631 that she did not include on her 2016 tax return. As a result of the adjustments, respondent concluded that petitioner is subject to increases in self-employment tax and increases to self-employment tax deductions. Finally, respondent determined that petitioner was liable for accuracy-related penalties under section 6662(a) attributable to negligence or disregard of rules or regulations under section 6662(b)(1) or substantial understatements of income tax under section 6662(b)(2).

Petitioner failed to substantiate any errors in any of the adjustments determined in the notice of deficiency.

## Discussion

In general, the Commissioner's determinations are entitled to a presumption of correctness, and taxpayers bear the burden of proving those determinations erroneous. Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a) provides that if a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining her liability for any tax imposed by subtitle A or B, the Commissioner will have the burden of proof with respect to that issue. The burden of proof does not shift, however, unless a taxpayer has complied with the substantiation requirements of the Code and corresponding regulations, has

maintained all records required under the Code and corresponding regulations, and has cooperated with reasonable requests made by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2)(A) and (B).

Petitioner has neither claimed nor shown that she satisfied the requirements of section 7491(a) to shift the burden of proof to respondent for any factual issue affecting the determined deficiencies. Petitioner has neither disputed in her petition nor offered evidence rebutting the disallowed deductions and her receipt of income that third-party sources reported to respondent, all of which are reflected in the notice of deficiency. Nor has she established that she is entitled to any additional loss deduction despite her testimony at trial. Therefore, petitioner has failed to introduce any credible evidence disputing respondent's determinations. Accordingly, the burden of proof does not shift to respondent, and respondent's determinations in the notice of deficiency are sustained.

Under section 7491(c) the Commissioner has the burden of production when asserting the accuracy-related penalty. He bears the burden of producing sufficient evidence to indicate that it is appropriate to impose accuracy-related penalties. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once he meets the burden of production, the taxpayer bears the burden of establishing that an exception applies. Id. at 447. However, Rule 34(b)(4) and (5) provides that a

petition in a deficiency action must contain clear and concise assignments of each and every error in the Commissioner's determination as well as statements of the facts upon which the taxpayer bases the assignments of error. Therefore, a taxpayer must assign error with respect to any asserted accuracy-related penalty. Where the taxpayer has not made the foregoing specific allegations, the Commissioner incurs no burden of production with respect to any accuracy-related penalties that have been determined. Funk v. Commissioner, 123 T.C. 213, 215 (2004); Swain v. Commissioner, 118 T.C. 358, 364-365 (2002); Carlo v. Commissioner, T.C. Memo. 2005-165; Mitchell v. Commissioner, T.C. Memo. 2005-85.

Section 6751(b)(1) generally requires personal, written supervisory approval of the initial determination of a penalty assessment. In the instant case, the revenue agent made the initial determination that the accuracy-related penalty for substantial understatements was appropriate for 2014, 2015, and 2016. On August 28, 2018, the revenue agent's immediate supervisor signed the civil penalty approval form. The first assertion of the accuracy-related penalties was first communicated to petitioner in the notice of deficiency dated August 29, 2018, which reflected the revenue agent's initial determination. The civil penalty approval form was attached to the notice of deficiency sent to petitioner and

satisfies the requirements of section 6751(b)(1) because the immediate supervisor timely approved the accuracy-related penalties in writing. See, e.g., Belair Woods, LLC v. Commissioner, 154 T.C. __ (Jan. 6, 2020); Clay v. Commissioner, 152 T.C. 223 (2019).

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the underpayment of tax attributable to negligence or disregard of rules or regulations and a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if the taxpayer had reasonable cause and acted in good faith with respect to such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances including the taxpayer's efforts to assess her proper tax liability, the taxpayer's knowledge and experience, and the reliance on the advice of a tax professional. Sec. 1.6664-4(b)(1), Income Tax Regs.

As shown below, the underpayments were attributable to substantial understatements of income tax for all three years. Neither in her petition nor during her testimony did petitioner dispute the penalties. She did not allege any

assignments of error in respondent's penalty determinations. Nor did she provide facts or supporting documents to dispute the penalties.

We sustain the accuracy-related penalties for 2014, 2015, and 2016. Petitioner has not shown that there was reasonable cause for her underpayments, nor has she demonstrated that she acted in good faith with respect to them. The notice of deficiency determined that the total tax due for the 2014, 2015, and 2016 tax years was $8,967, $22,394, and $15,939, respectively. Ten percent of the tax required to be shown on the returns for 2014, 2015, and 2016 is $896.70, $1,801.10, and $1,033.10, respectively. The understatements of income tax on the 2014, 2015, and 2016 returns are $8,244, $18,011, and $10,331, respectively. Thus for each year, the understatement of income tax exceeds $5,000, which is greater than 10% of the total tax required to be shown on each return. These determinations are sufficient to establish that petitioner is liable for the section 6662(a) and (b)(2) penalties.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.