119 T.C. No. 17


UNITED STATES TAX COURT


JIMMIE L. WILLIAMS AND ANNIE W. WILLIAMS, DECEASED, JIMMIE L.
WILLIAMS, PERSONAL REPRESENTATIVE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16771-98.                    Filed December 12, 2002.


        P, on three separate occasions, advised the Court
and R that he had filed petitions in bankruptcy.  In
each instance, P's statement that he had filed a
bankruptcy petition was intended to invoke the
automatic stay on this Court to avoid compliance with
this Court's orders, to avoid trial, and to thwart this
Court's Rules and procedures.  On one of the occasions,
no petition had been filed and no bankruptcy proceeding
commenced.  Instead, P submitted a forged bankruptcy
document to R and the Court.  In each instance where a
bankruptcy petition was actually filed, P withdrew the
petition and caused the bankruptcy to be dismissed not
long after it was instituted.
        R moved for dismissal of P's case for lack of
prosecution, a penalty under sec. 6673, I.R.C., and a
sanction because of P's disobedience,
avoidance, and resistance to this Court's orders,
Rules, decrees, or commands.

**Held**: R's motion will be granted. P is liable for a criminal fine under sec. 7456, I.R.C., as a sanction for his misbehavior.

Jimmie L. Williams, pro se.

Michael W. Berwind, for respondent.

OPINION

GERBER, Judge: Respondent moved to dismiss this case for lack of prosecution and for sanctions to be imposed on Jimmie L. Williams (hereinafter petitioner). Respondent points out that petitioner has been unresponsive to requests to settle or engage in pretrial preparation in accord with this Court's Rules and orders. Respondent also contends that petitioner intentionally and unnecessarily delayed and protracted this proceeding and that a section 6673[1] penalty of $25,000 should be imposed upon petitioner. In addition to the section 6673 penalty, respondent contends that petitioner should be sanctioned or fined $5,000 because of petitioner's misconduct and intentional avoidance of this Court's legal orders, Rules, decrees, or commands. Respondent has shown that petitioner has intentionally misrepresented facts in the form of oral and written

---

[1] All section references are to the Internal Revenue Code, in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

misrepresentations (altered documents) which reflected that petitioner had filed a bankruptcy petition, when in fact no bankruptcy proceeding had commenced.

Background

On August 10, 1998, respondent mailed a notice of deficiency to petitioners determining income tax deficiencies, additions to tax, and accuracy-related penalties as follows:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|------------------------------------|----------------------|
| 1994 | $58,746 | $14,127 | $28,843 |
| 1995 | 122,126 | 11,749 | 24,425 |

A petition was filed on October 7, 1998. An amended petition was filed on October 28, 1998, and respondent's answer was filed on December 30, 1998.

This case was first set for trial on the June 21, 1999, Los Angeles, California, trial session. On June 3, 1999, petitioner advised respondent that he had voluntarily petitioned into a chapter 7 (liquidating) bankruptcy (bankruptcy 1). In support of petitioner's claim, he provided respondent with what purported to be a copy of petitioner's bankruptcy petition. Petitioner's purported bankruptcy petition reflected the bankruptcy court docket No. LA99-19644AA. On June 10, 1999, the parties engaged in a telephone conference with the Court, at which time a discussion of petitioner's alleged bankruptcy petition ensued.

On the basis of petitioner's representations, on June 21, 1999, the Court issued an order staying the Tax Court proceedings in accord with 11 U.S.C. section 362(a)(8) (2000). That order staying the proceedings resulted in the removal of petitioner's case from the June 21, 1999, Los Angeles, California, trial session. In addition to the stay order, several status reports filed with this Court reference petitioner's alleged bankruptcy proceeding. On February 1, 2000, petitioner advised respondent that bankruptcy 1 had been dismissed, and that information was, in turn, conveyed to the Court.

On May 12, 2000, this case was again scheduled for trial in Los Angeles, California, on October 16, 2000. During the pretrial period, petitioner ignored respondent's offers to meet as required by this Court's Rules and pretrial order. Petitioner failed to file a trial memorandum as required by the Court's pretrial order. On October 3, 2000, petitioner filed a chapter 7 bankruptcy case, docket No. LA00-37835EC (bankruptcy 2). On October 10, 2000, an order was issued again to stay these proceedings and remove this case from the October 16, 2000, trial session.

On April 10, 2001, respondent advised the Court that bankruptcy 2 had been closed. On May 15, 2001, this case, for the third time, was placed on a Los Angeles, California, trial session, beginning October 15, 2001. Once again, respondent

offered to discuss the case with petitioner with a view to settlement or trial preparation, but petitioner did not respond to respondent's invitation.

On July 31, 2001, respondent served petitioner with requests for discovery and admissions, and petitioner failed to respond. On August 31, 2001, respondent moved to compel petitioner's responses to discovery, and, on September 6, 2001, the Court issued an order to show cause as to why sanctions should not be imposed on petitioner. Petitioner was given until September 28, 2001, to respond to the Court's order. On September 26, 2001, without responding to the Court's order to show cause, petitioner filed a petition in bankruptcy, docket No. LA01-38974EC (bankruptcy 3). On October 3, 2001, the Court, for the third time, stayed the proceedings in this case.

On October 5, 2001, respondent filed an emergency motion with the bankruptcy court seeking to have the automatic stay lifted with respect to bankruptcy 3 and, on October 12, 2001, the bankruptcy court lifted the automatic stay. On October 17, 2001, this Court issued an order reactivating the proceedings in this case. Thereafter, respondent filed his motions to dismiss and for sanctions, both of which were set for a hearing at a special session of the Court at Los Angeles, California, on May 13, 2002. Petitioner did not appear at the hearing.

Respondent's motion for sanctions was supported by the written declaration by a representative of respondent's counsel's office, dated October 1, 2001. The declaration explained that the bankruptcy court's files were examined and that docket No. LA99-19644AA (the docket number shown on the purported petition for bankruptcy 1) involved the bankruptcy of one Zakarian Arsen. In addition, a search of the bankruptcy court's records did not reveal that petitioner had filed a bankruptcy proceeding during the period reflected in the purported bankruptcy petition.

Discussion

A. Respondent's Motion To Dismiss for Lack of Prosecution

Respondent has moved to dismiss this case because of petitioner's lack of prosecution. We note that respondent does not bear the burden of proof on any portion of the determined deficiencies in income tax, additions to tax, or accuracy-related penalties. Petitioner has ignored this Court's orders and has failed to either prepare for trial or appear at scheduled hearings. Petitioner has intentionally delayed this case on three separate occasions by advising of bankruptcy proceedings, both real and alleged, and interposing the automatic stay to avoid trial and compliance with this Court's orders. In addition, petitioner has ignored all of respondent's invitations to settle or to stipulate. Petitioner has not attempted and never intended to pursue the determined deficiencies on their

merits. For those reasons, respondent's motion to dismiss for lack of prosecution will be granted pursuant to Rules 53 and 123(b), and a decision entered for the full amount of the determined deficiencies, additions to tax, and accuracy-related penalties. See Johnson v. Commissioner, 116 T.C. 111, 117 (2001), affd. 289 F.3d 452 (7th Cir. 2002); Freedson v. Commissioner, 67 T.C. 931, 935 (1977), affd. 565 F.2d 954 (5th Cir. 1978).

B. Respondent's Motion for a Penalty Under Section 6673

Section 6673(a)(1) authorizes the Court to impose a penalty, not to exceed $25,000, against taxpayers who institute or maintain proceedings primarily for delay. Respondent contends that petitioner's 3-year pattern of conduct in this case reflects that he was dilatory and intended to delay the proceedings in this case. Respondent lists the following facts, which show petitioner's dilatory conduct:

> (a) once fictitiously and twice actually used the bankruptcy courts at the last possible moment to delay proceedings in this case;
> (b) failed to appear at the calendar calls on June 10, 1999, and October 15, 2001, and at the recall of the case on October 17, 2001;
> (c) failed to comply with any of the Court's orders to file status reports, the Court's September 16, 2001 Show Cause Order or any of the Court's three pre-trial orders; and
> (d) failed to reply to either of respondent's two invitations to settle the case or prepare it for trial, or to answer any of respondent's discovery requests.

Petitioner's conduct shows that he instituted and/or maintained this proceeding primarily for delay. Although respondent attempted to engage petitioner in settlement or trial preparation activity, petitioner was unresponsive and failed to comply with this Court's pretrial order and Rules. See Bagby v. Commissioner, 102 T.C. 596, 614 (1994); Stamos v. Commissioner, 95 T.C. 624, 638 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992).

More significantly, petitioner improperly interposed the automatic stay of the Bankruptcy Code to delay this Court's proceedings and to avoid compliance with this Court's order to show cause. On three occasions, petitioner interposed the automatic stay of the Bankruptcy Code by filing or purporting to file a bankruptcy petition shortly before his Tax Court case was scheduled for trial. The petitions into bankruptcy occurred shortly before each scheduled trial session or date for petitioner's compliance with this Court's orders. In each instance, the trial sessions had been scheduled for at least 5 months before petitioner's last-minute connivance causing the delay of this Court's proceedings. Moreover, none of petitioner's bankruptcy proceedings were allowed to mature. On both occasions, petitioner closed the bankruptcy proceeding a short time after he had filed the bankruptcy petition.

Petitioner allowed the bankruptcy proceeding to exist just long enough to avoid this Court's orders and process.

Petitioner's conduct in this proceeding was intended to delay the proceeding, and the results of his actions were burdensome both to the bankruptcy court and to this Court.  See Anders v. Commissioner, T.C. Memo. 1999-294.  Petitioner's tactics resulted in an extraordinary and substantial waste of resources.  Accordingly, we hold petitioner liable for a $25,000 penalty pursuant to section 6673.

C. Respondent's Motion for a Monetary Sanction or Fine Against Petitioner for Abuse of Process

Respondent has moved that the Court impose an additional $5,000 sanction against petitioner with respect to his false claim of bankruptcy filing, which included misrepresentations and presentment of a forged document to the Court and respondent.  During June 1999, petitioner represented to respondent and to the Court that he had filed a proceeding in the bankruptcy court.  Relying on petitioner's oral and written representations, the Court issued an order staying the Tax Court proceedings.  See 11 U.S.C. sec. 362(a)(8).

Respondent points out that all courts are vested with the inherent "power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates".  Anderson v. Dunn, 19 U.S. 204, 227 (1821).  It is established that this Court has

inherent power and authority to regulate and supervise proceedings before it so as to insure the integrity of its processes. See <u>Freytag v. Commissioner</u>, 501 U.S. 868, 891 (1991); <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43-46 (1991). The Court's inherent power extends to regulate both conduct before it and conduct beyond its confines. See <u>Chambers v. NASCO, Inc.</u>, <u>supra</u> at 44. The Court has recognized its authority to maintain the integrity of its proceedings and its ability to provide relief for a party's misconduct. See, e.g. <u>Dixon v. Commissioner</u>, T.C. Memo. 2000-116 (imposing additional sanctions, some on the basis of inherent power); <u>Dixon v. Commissioner</u>, T.C. Memo. 1999-101; <u>CMEM, Inc. v. Commissioner</u>, T.C. Memo. 1991-467.

<u>Crop Associates-1986 v. Commissioner</u>, T.C. Memo. 2000-216.

In addition to our inherent power, section 7456(c), as pertinent to this case, provides that

> The Tax Court and each division thereof shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as--
>
> (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> *    *    *    *    *    *    *
>
> (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

We consider, however, whether it would be appropriate to impose a sanction on petitioner in addition to the $25,000 penalty for his institution or maintenance of this proceeding for purposes of delay. The $25,000 penalty under section 6673, as explained above, was imposed because of petitioner's obvious pattern of delay and extensive waste of the resources of the court system and the Government. However, petitioner's false

June 1999 bankruptcy petition; the intentional interposition of automatic stays to thwart this Court's orders, Rules, or commands; and his intentional misrepresentation regarding the nonexistent bankruptcy proceeding deserve separate rebuke.

In that regard, contempt of court may be civil or criminal, depending upon the purpose being served. Ryan v. Commissioner, 67 T.C. 212, 222 (1976), affd. 568 F.2d 531 (7th Cir. 1977). "[C]ivil contempt is coercive and remedial in character whereas criminal contempt is punitive to vindicate the authority of the Court. See, e.g., Gompers v. Buck's Stove & Range Co., 221 U.S. 418 (1911); Shillitani v. United States, 384 U.S. 364 (1966)." Id.

Petitioner's dilatory tactics were carried out in disobedience and defiance of this Court's Rules, orders, or command. The false documentation and misrepresentations were acts intended to obstruct the administration of justice. Accordingly, it is appropriate to impose a criminal sanction under section 7456 for petitioner's misbehavior under section 7456, in addition to the $25,000 penalty imposed under section 6673.

Because of the possibility of monetary fine's being imposed as a criminal sanction on petitioner, he was provided with an opportunity to show cause why such a fine should not be imposed. This was accomplished by the issuance of a Notice and Order to

Show Cause on June 25, 2002, which was personally served on petitioner by a U.S. Marshal on July 25, 2002.[2]  In that Notice and Order, petitioner was again advised of respondent's allegations, and he was given an opportunity to show cause, in writing, why such a fine should not be imposed.

Petitioner responded in writing and, in essence, made the following contentions in an attempt to show cause:  (1) He is a "law abiding citizen", (2) he relied on other unnamed individuals, including a paralegal, to handle his affairs during this period, and (3) he was ill and/or under medication during the period under consideration.[3]

Petitioner's attempt to blame the forged bankruptcy petition on others falls short of the mark.  He has not identified the person who he alleged caused the forgery of the bankruptcy petition.  In addition, petitioner in a telephone conference with the Court and by submission of the bankruptcy petition to respondent represented that he had filed for bankruptcy. Petitioner advised respondent and the Court of the filing of the petition and advised respondent of the dismissal of bankruptcy 1. Petitioner must have been aware, throughout the 8-month period in

_____

[2] We note that petitioner had failed to appear and/or to respond to respondent's motion for these sanctions which had been scheduled for a hearing at a special session of the Court at Los Angeles, Cal., on May 13, 2002.

[3] The period under consideration is almost 4 years.

which he interposed the automatic stay of the Bankruptcy Code, that no such proceeding had been instituted. Petitioner offered no document to show that bankruptcy 1 had been dismissed.

Even if we were able to believe that petitioner had been deceived by another person as to the forged bankruptcy petition, on several occasions he interposed the automatic stay at critical stages of this proceeding: To avoid compliance with this Court's orders, to avoid long-scheduled trial dates on the eve of trial, and otherwise to elude this Court's orders, Rules, procedures, and process. Although petitioner purported to file three separate bankruptcy actions, none were pursued. In the two instances where petitions in bankruptcy were actually filed, it was no coincidence that petitioner withdrew the petitions and caused the dismissal of the bankruptcy proceedings each time the automatic stay had served his purpose of avoiding and obstructing the proceedings in this Court. Such conduct was clearly intentional and constitutes "disobedience or resistance to * * * [this Court's] lawful writ, process, order, rule, decree, or command." See sec. 7456(c).

Respondent moved that the Court impose a $5,000 sanction for petitioner's conduct in this proceeding. The purpose of penalizing petitioner in these circumstances is to impress upon him that his misbehavior will not be tolerated and that he must respect the process and obey the lawful orders of this Court. In

<u>Ryan v. Commissioner</u>, <u>supra</u> at 223, this Court imposed a $1,000 criminal fine for repeated contumacious failure to answer interrogatories. In this case, petitioner also ignored and attempted to avoid this Court's order enforcing respondent's discovery request by interposing the automatic stay. In this case, petitioner intentionally misrepresented and wrongfully interposed the automatic stay to frustrate and ignore the lawful orders, Rules, and process of this Court. The effect of petitioner's conduct in this case is more serious and more deceitful than the taxpayer's conduct in <u>Ryan</u>. We note that the $1,000 fine in <u>Ryan</u> was imposed more than 25 years ago.

In order to impress petitioner with the seriousness of this matter and to fine him for his conduct in criminal contempt of this Court, we hold petitioner unconditionally liable for a fine of $5,000.

To reflect the foregoing,

<u>An appropriate order and
decision will be entered for
respondent.</u>