T.C. Memo. 2005-270

UNITED STATES TAX COURT

JOHN T. HIGGINBOTHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4945-04L.            Filed November 21, 2005.

John T. Higginbotham, pro se.

<u>Alex Shlivko</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of prosecution.

Background

By notice of determination dated March 4, 2004, respondent determined that, pursuant to section 6330,[1] he could proceed to collect by levy the following income tax liabilities:

| Tax year | Unpaid income tax liability |
|---|---|
| 1992 | $24,288.47 |
| 1993 | 11,297.73 |
| 1994 | 12,000.59 |
| 1995 | 3,530.29 |
| 1996 | 8,788.57 |
| 1997 | 4,199.26 |
| 1998 | 2,055.46 |
| 1999 | 814.34 |
| Total | 66,974.71 |

On March 12, 2004, petitioner mailed a letter to the Court, which we filed on March 16, 2004, as petitioner's imperfect petition. Because the imperfect petition did not meet the requirements of Rule 331(b), the Court ordered petitioner to file a proper amended petition by May 3, 2004. On April 26, 2004, the Court filed petitioner's amended petition seeking review of respondent's determination to proceed by levy with collection of petitioner's Federal income tax liabilities and seeking a redetermination of petitioner's employment status[2] with respect

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

[2]Although petitioner checked the box on the petition form indicating that his petition was for a redetermination of employment status, petitioner appears to have done so as a result of a misunderstanding. Petitioner is appealing respondent's

(continued...)

to his 1992, 1993, 1994, 1995, 1996, 1997, 1998, and 1999 taxable years.  Petitioner resided in New York, New York, when his petition was filed.[3]

By letter dated July 26, 2004, respondent contacted petitioner to schedule a meeting for August 16, 2004, to discuss a stipulation of facts in this case.  By letter dated August 10, 2004, petitioner informed respondent that he would be unable to attend the scheduled meeting due to physical injuries received during the previous month.  Petitioner also stated that he had begun gathering documentation for his case and needed respondent to send him copies of his tax returns because petitioner's copies were "in storage".  By letter dated October 8, 2004, respondent rescheduled the meeting for November 10, 2004.  Petitioner canceled the November 10, 2004, meeting by a telephone call to respondent.  Respondent rescheduled the meeting for December 3, 2004, and sent petitioner copies of his 1993, 1994, 1995, 1998,

---

[2](...continued)
determination that respondent could proceed to collect by levy petitioner's unpaid income tax liabilities.  One of petitioner's arguments in support of his claim that he does not owe the liabilities is that he was an employee, and his employers should have withheld income tax from his wages.  Petitioner apparently checked the employment status redetermination box because of this argument.  For reasons stated in this opinion, we do not separately address petitioner's argument.

[3]Petitioner alleges that the unpaid income tax liabilities are the responsibility of his various employers throughout the years in question.  Petitioner also alleges that his 1992 and 1993 income tax liabilities were discharged in a ch. 7 bankruptcy proceeding on Dec. 7, 1993.

and 1999 tax returns.[4]  Petitioner failed to attend the December 3, 2004, meeting, and he did not contact respondent to discuss rescheduling options.

This case was first set for trial during the Court's March 14, 2005, New York, New York, trial session.  A notice setting case for trial, dated October 8, 2004, and a standing pretrial order were sent to petitioner.  On December 27, 2004, respondent filed requests for admission.  Petitioner's response to the request for admissions was due on January 24, 2005.  The Court did not receive a response to the request for admissions from petitioner, and, as a result, the statements of fact in the request for admissions were deemed admitted pursuant to Rule 90(c).

By letter dated February 4, 2005, petitioner stated that he did not attend the December 3, 2004, meeting because respondent had not mailed him his remaining tax returns.  Petitioner also stated that he had contacted his previous employers, who informed him that they no longer had his records for the years in issue. He requested copies of his Forms W-2, Wage and Tax Statements, and Forms 1099 from respondent for years 1989 through 1993.

On March 2, 2005, petitioner, via teleconference with the Court and respondent's counsel, requested a continuance due to

---

[4]Respondent contends that these were the only returns of petitioner that respondent possessed as of that date.

his recent hospitalization.  The Court ordered petitioner to file a written motion for continuance, supported by a doctor's statement, by the end of the business day on March 8, 2005. Petitioner did not file a written motion at that time, nor did he attend the March 14, 2005, trial session.  At trial, respondent moved to dismiss for lack of prosecution, and the Court granted the motion.

In a letter to the Court dated March 10, 2005, petitioner requested a continuance.  Petitioner's March 10, 2005, letter was filed on March 14, 2005, as petitioner's motion for continuance. On March 29, 2005, petitioner supplemented his motion for a continuance with a letter from his doctor stating that petitioner was disabled and bedridden.  By order dated April 5, 2005, the Court vacated its oral direction on the record granting respondent's motion to dismiss, denied the motion to dismiss, and granted petitioner's motion for a continuance.  The April 5, 2005, order specifically warned petitioner that "No further continuances will be granted, barring unusual circumstances" and scheduled the case for trial during the Court's New York, New York, trial session beginning on June 13, 2005.

By letter dated May 12, 2005, respondent scheduled a conference with petitioner for May 26, 2005, to discuss the preparation of a stipulation of facts in anticipation of the June 13, 2005, trial.  In the letter, respondent stressed the

importance of complying with Rule 91, which requires the parties to stipulate undisputed facts.  Respondent also advised petitioner of the possibility of a penalty resulting from the initiation of a proceeding for the purposes of delay or to raise frivolous or groundless arguments and the possibility of dismissal of the case if he did not attend either the scheduled meeting or the June 13, 2005, trial session.  By letter dated June 3, 2005, respondent scheduled a conference with petitioner for June 8, 2005.  The June 3, 2005, letter contained the same warnings as the May 12, 2005, letter.

On or about June 9, 2005, the parties had a teleconference with the Court.  Petitioner requested that the case be continued again for medical reasons.  The Court advised petitioner to attend the trial session and warned him that his motion for a second continuance would be denied unless he had not been given an opportunity to present his case before respondent's Appeals Office.[5]

---

[5]As summarized in both the notice of determination and in attachments to the motion to dismiss, respondent repeatedly offered petitioner opportunities to meet with respondent and to present information concerning his allegations that collection by levy should not proceed.  As part of a remarkably consistent pattern of nonresponsiveness, petitioner failed to appear at meetings or to respond to requests for information.  Because petitioner failed to meet and present information in support of his contention that collection should not proceed, the Appeals officer assigned to petitioner's sec. 6330 proceeding determined, after reviewing the administrative record and making the determinations required by sec. 6330, that collection by levy
(continued...)

On June 13, 2005, petitioner failed to appear at the calendar call.  Respondent's counsel appeared and presented a second motion to dismiss for lack of prosecution, along with documentary evidence in support of the motion to dismiss.  The Court took respondent's motion to dismiss under advisement.

Respondent's motion to dismiss represents that (1) all material allegations of fact set forth in the amended petition in support of the assignments of error have been denied in the answer; (2) petitioner has not raised any issues upon which respondent has the burden of proof, and respondent has not conceded any error assigned in the amended petition; (3) petitioner has not produced any evidence to support the assignments of error in the amended petition; and (4) petitioner has failed to respond to respondent's letters requesting that petitioner attend conferences and produce his records for respondent's review.

## Discussion

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute his case, failure to comply with the Rules of the Court or any order of the Court, or for any cause that the Court deems sufficient.  Rule 123(b).  Dismissal is appropriate where the

---

[5](...continued)
could proceed.

taxpayer's failure to comply with the Court's Rules and orders is due to willfulness, bad faith, or fault. Dusha v. Commissioner, 82 T.C. 592, 599 (1984). In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim. Rule 149(a); Rollercade, Inc. v. Commissioner, 97 T.C. 113, 116-117 (1991); Smith v. Commissioner, T.C. Memo. 2003-266, affd. sub nom. Hook v. Commissioner, 103 Fed. Appx. 661 (10th Cir. 2004).

Petitioner has disregarded the Court's Rules and standing pretrial order by failing to cooperate meaningfully with respondent to prepare this case for trial. Petitioner's pattern of canceling or missing scheduled conferences, providing belated notice, if any, of his intent not to attend them, and ignoring respondent's requests for admission made it impossible for the parties to exchange information, conduct negotiations, or prepare a stipulation of facts before trial. Petitioner also failed to prepare and submit a pretrial memorandum before either of the scheduled trial sessions, and he still has not produced documents relevant to his case. Petitioner's most recent request for continuance was made fewer than 30 days before the June 13, 2005, trial session and failed to allege exceptional circumstances as

required by Rule 133,[6] which further underscores what appears to be petitioner's intentional attempt to unreasonably delay the proceedings.  See <u>Williams v. Commissioner</u>, 119 T.C. 276, 279-280 (2002).

Petitioner was repeatedly warned by respondent's counsel and by the Court of the consequences of failing to prepare for trial and of failing to appear at trial.  Despite those warnings, petitioner repeatedly failed to make any reasonable effort to demonstrate his good faith and his willingness to prepare his case for trial.  Although petitioner stated that he would forward numerous documents to respondent, he never sent anything.  In fact, respondent had to send petitioner copies of eight of petitioner's tax returns to get petitioner to communicate with him at all.  Furthermore, petitioner did not appear at the June 13, 2005, trial session or document any legitimate reason for his failure to do so.

We find that petitioner has failed to comply with the Court's Rules and orders and has failed properly to prosecute this case.  See <u>Rollercade, Inc. v. Commissioner</u>, <u>supra</u> at 116-117; <u>Smith v. Commissioner</u>, <u>supra</u>.  Petitioner's course of conduct throughout the proceedings demonstrates that these

---

[6]Under Rule 133, a motion for continuance filed 30 days or less before the trial date will be denied unless the ground for continuance arose within that period or there was good reason for not making the motion sooner.

failures are due to his willfulness, bad faith, or fault, and we conclude that dismissal of this case is appropriate.  Petitioner has not raised any issue upon which respondent has the burden of proof.  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933) (Commissioner's determinations are presumed correct, and taxpayer bears the burden of proving them wrong).[7]

Accordingly, we shall grant respondent's motion to dismiss this case for lack of prosecution, and we shall enter a decision holding that the Appeals Office did not abuse its discretion in determining that respondent may proceed with the proposed collection action.

<u>An appropriate order</u>
<u>of dismissal and decision</u>
<u>will be entered</u>.

---

[7]Because petitioner failed to cooperate with respondent's requests for information, documents, meetings, and interviews, the burden of proof does not shift to respondent.  See sec. 7491(a).