T.C. Memo. 2007-200

UNITED STATES TAX COURT

KEVIN M. MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17901-06L.          Filed July 23, 2007.

Kevin M. Moore, pro se.

<u>Monica J. Miller</u> and <u>Laura A. Price</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner

seeks review of respondent's determination to proceed with

------

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

collection of his 1997, 1998, 1999, 2000, 2001, and 2002 income tax liabilities.

Confronted with petitioner's refusal to work toward a stipulation of facts, on March 7, 2007, respondent filed a motion to show cause why proposed facts in evidence should not be accepted as established pursuant to Rule 91(f). Respondent attached to his motion a proposed stipulation of facts and exhibits.

On March 9, 2007, the Court issued an order to show cause under Rule 91(f), requiring petitioner to file a response on or before March 29, 2007, as to why matters set forth in respondent's motion should not be deemed admitted. Additionally, the Court ordered that if petitioner's response was evasive or not fairly directed to the proposed stipulation or portion thereof, that matter or portion thereof would be deemed stipulated for purposes of the pending case, and an order would be entered accordingly, pursuant to Rule 91(f).

On April 2, 2007, petitioner filed a response to the Court's order to show cause.

On April 4, 2007, the Court made absolute its order to show cause under Rule 91(f), and ordered that the facts and evidence set forth in respondent's proposed stipulation of facts were deemed established.

## FINDINGS OF FACT

Accordingly, pursuant to Rule 91(f), the facts set forth in the Rule 91(f) motion are deemed stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Tampa, Florida.

Petitioner failed to timely file Federal income tax returns for 1997, 1998, 1999, 2000, 2001, and 2002. On October 17, 2003, respondent sent petitioner statutory notices of deficiency for 1997, 1999, and 2000. On February 4, 2004, respondent sent petitioner a statutory notice of deficiency for 2001. Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows:[2]

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1997 | $52,911 | $11,905 | $2,851 |
| 1999 | 28,242 | 5,454 | 1,294 |
| 2000 | 53,465 | 12,030 | 2,876 |
| 2001 | 51,134 | 15,852 | 2,024 |

Petitioner received the notices of deficiency and chose not to petition this Court.

On March 29, 2006, respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to petitioner's 1997, 1998, 1999, 2000, 2001, and 2002 taxable years (levy notice). The levy notice

---

[2] Amounts are rounded to the nearest dollar.

listed petitioner's total outstanding liabilities as of that date as $79,614, $37,697, $18,099, $67,404, $64,011, and $55,670, for 1997, 1998, 1999, 2000, 2001, and 2002, respectively (a total of $322,495).

On April 20, 2006, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing, regarding his 1997, 1998, 1999, 2000, 2001, and 2002 tax years. The only reason petitioner provided on the Form 12153 for respondent not to proceed with collection was "Does not make sufficient money to help support myself."

On June 29, 2006, petitioner had a face-to-face section 6330 hearing with Settlement Officer James Feist. Among other things, petitioner requested that Settlement Officer Feist "provide evidence verifying the U.S. Individual Income Tax/Forms 1040 and Form 433-A in question are in compliance with the specifications of the PAPERWORK REDUCTION ACT (PRA) and have been issued current and valid control numbers from the Office of Management and Budget." The only nonfrivolous issue petitioner raised at the hearing was financial hardship.

On or about July 12, 2006, petitioner mailed Settlement Officer Feist a copy of Rev. Rul. 2006-21, 2006-1 C.B. 745, regarding frivolous tax returns. This revenue ruling states that arguments regarding the Paperwork Reduction Act--including that the Paperwork Reduction Act allegedly relieves taxpayers of the

duty to file income tax returns--have no merit and are frivolous. The revenue ruling, under the heading **"CIVIL AND CRIMINAL PENALTIES"**, notes that in addition to several other potential penalties, taxpayers may be liable for "a penalty of up to $25,000 under section 6673 if the taxpayer makes frivolous arguments in the United States Tax Court." Id., 2006-1 C.B. at 746. On the face of the revenue ruling petitioner wrote that he had read the revenue ruling. Petitioner attached a document containing frivolous and groundless arguments to the revenue ruling.

On August 3, 2006, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) to petitioner regarding his 1997, 1998, 1999, 2000, 2001, and 2002 tax years. In the notice of determination, respondent determined that the proposed collection action was appropriate, petitioner failed to submit a viable collection alternative, and collection should proceed. In an attachment to the notice of determination, respondent referred petitioner to "The Truth About Frivolous Tax Arguments" and provided an Internet address to access the document.

On May 16, 2007, the Court held a trial in this matter. That same day, the Court filed respondent's and petitioner's pretrial memoranda. In his pretrial memorandum, petitioner stated that he did not intend to call any witnesses.

Petitioner's pretrial memorandum contained frivolous and groundless arguments. Respondent's pretrial memorandum again warned petitioner about the section 6673 penalty for making frivolous arguments to the Court.

On May 18, 2007, petitioner filed a statement containing frivolous and groundless arguments. Petitioner's statement also contained disparaging and disrespectful statements directed to the Court. That same day, petitioner filed a voluminous document entitled "Petitioner's Motions" which was replete with frivolous and groundless tax-protester arguments.

On May 30, 2007, the Court denied "Petitioner's Motions".

OPINION

I. Determination To Proceed With Collection

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v.

Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Petitioner received notices of deficiency for 1997, 1999, 2000, and 2001. Accordingly, he cannot challenge his underlying liabilities for those years. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

At trial, the Court gave petitioner several opportunities to present evidence regarding his underlying liabilities for 1998 and 2002. The Court asked petitioner several times whether he wanted to address his deficiencies or underlying liabilities. When asked by the Court whether he had anything to say about his deficiencies or underlying liabilities, petitioner answered "No." Accordingly, we review respondent's determination for 1997, 1998, 1999, 2000, 2001, and 2002 for an abuse of discretion. See Sego v. Commissioner, supra at 610.

Settlement Officer Feist conducted a thorough review of the financial information that petitioner provided to him. Upon the

basis of: (1) Petitioner's financial information, (2) petitioner's having taken no significant voluntary action (as suggested) towards resolving his tax situation, and (3) petitioner's having paid only $111 (via withholding) and $4,000 (via a 1999 estimated tax payment) towards assessed taxes of $184,733 for 1997 through 2003, respondent determined that petitioner did not submit a viable collection alternative.

At trial, the Court asked petitioner several times whether he wanted to put on any evidence or had any evidence to submit regarding respondent's determination. Petitioner did not take advantage of any of the repeated opportunities the Court presented to him.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer a viable alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4). Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination to proceed with collection.

II. Section 6673(a)

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. A

position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

At trial, the Court repeatedly advised petitioner to address the issues in, and present evidence regarding, his case. Instead of presenting evidence or addressing the merits of his case, petitioner belligerently shouted, yelled, and screamed irrelevant questions repeatedly at the Court. Petitioner repeatedly interrupted the Court and directed disrespectful statements to the Court. Additionally, rather than directing his attention to his case or the Court, petitioner shouted and called out to approximately a dozen persons in the gallery disrespectful and irrelevant remarks impugning the integrity of the Court.

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of penalties pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions. Petitioner filed multiple frivolous documents with the Court. Petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless, and he has wasted the time and resources of this

Court.  We are convinced that petitioner instituted and maintained these proceedings primarily for delay.  Although the amount is scarcely sufficient,[3] we shall impose a penalty of $25,000 pursuant to section 6673.

III.  Additional Sanctions

As we stated in Williams v. Commissioner, 119 T.C. 276, 281-282 (2002) (citations omitted):

> all courts are vested with the inherent "power to
> impose silence, respect, and decorum, in their
> presence, and submission to their lawful mandates".  It
> is established that this Court has
>
> > inherent power and authority to regulate and
> > supervise proceedings before it so as to
> > insure the integrity of its processes.  The
> > Court's inherent power extends to regulate
> > both conduct before it and conduct beyond its
> > confines.  The Court has recognized its
> > authority to maintain the integrity of its
> > proceedings and its ability to provide relief
> > for a party's misconduct.
>
> In addition to our inherent power, section 7456(c), as
> pertinent to this case, provides that
>
> > The Tax Court and each division thereof shall
> > have power to punish by fine or imprisonment,
> > at its discretion, such contempt of its
> > authority, and none other, as--
> >
> > > (1) misbehavior of any person in its
> > > presence or so near thereto as to obstruct
> > > the administration of justice; * * *

---

[3]  We note that the original version of the sec. 6673 penalty dates back to 1926; however, Congress has not raised the amount of the sec. 6673 penalty since 1989.  See Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2400.  For a discussion of the history of sec. 6673, see Wilkinson v. Commissioner, 71 T.C. 633 (1979).

In <u>Williams</u>, as is the case herein, a $25,000 penalty under section 6673 was imposed because of the taxpayer's obvious pattern of delay and extensive waste of the resources of the court system and the Government. <u>Id.</u> at 282. In <u>Williams</u>, we considered whether it would be appropriate to impose a sanction on the taxpayer in addition to the $25,000 section 6673 penalty for his institution or maintenance of the proceeding for purposes of delay. <u>Id.</u>

We stated: "contempt of court may be civil or criminal, depending upon the purpose being served. '[C]ivil contempt is coercive and remedial in character whereas criminal contempt is punitive to vindicate the authority of the Court.'" <u>Id.</u> at 282-283 (citations omitted). Because of the possibility of a monetary fine being imposed as a criminal sanction, the taxpayer was provided with an opportunity to show cause why such a fine should not be imposed. <u>Id.</u> at 283.

Although petitioner's actions herein were contemptuous, we shall not reward petitioner by delaying this matter any further. Perhaps petitioner will see the error of his ways. Should he return to the Court, however, and proceed similarly (e.g., by engaging in belligerent or disrespectful misbehavior in the presence of the Court to obstruct the administration of justice), petitioner is on notice that the Court will consider imposing appropriate sanctions pursuant to section 7456(c), in addition to

the penalty provided by section 6673, to impress upon him that such misbehavior will not be tolerated by this Court.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.