T.C. Memo. 2008-149


UNITED STATES TAX COURT


ESTATE OF MARY V. ALLISON, DONOR, DECEASED, DANIEL B. ALLISON,
II, PERSONAL REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ESTATE OF MARY V. ALLISON, DECEASED, DANIEL B. ALLISON, II,
PERSONAL REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.


Docket Nos. 247-00, 714-00.      Filed June 10, 2008.


Daniel B. Allison, II, for petitioners

Michael T. Sargent, for respondent.


MEMORANDUM OPINION


HOLMES, Judge: Mary Allison died in 1995. Her son,
Daniel Allison, is an attorney and the personal representative of
her estate. He opened a probate case shortly after her death in
Seattle's King County Superior Court. It is still not closed.

Mr. Allison also filed two Tax Court cases for the estate in early 2000.  Neither of them has been closed.  It appears that Mr. Allison has been telling our Court that resolution of the probate case is all that's needed to wrap up the Tax Court cases, and telling the King County Superior Court that resolution of the Tax Court cases is all that's needed to wrap up the probate case. We issued an order to Mr. Allison to show cause why we shouldn't sanction him for his misrepresentations.  This opinion explains the reasons for our decision to make that order absolute.

<u>Background</u>

The combined records of the probate and tax cases support the following timeline:

| Year | Tax Court | Superior Court |
|------|-----------|----------------|
| 1995 | | <u>September 7</u><br>Mr. Allison opened the probate case in the King County Superior Court. |
| 1997 | | <u>May</u><br>Mr. Allison and his sister began litigating a dispute over the administrative expenses paid from their mother's and father's estates. |
| 1999 | | <u>December 3</u><br>Nothing in the docket having happened in two years, the Superior Court ordered Mr. Allison to close his mother's estate or file a status report. |

| 2000 | January 4<br>Mr. Allison filed a petition in Tax Court, docket number 247-00, contesting the IRS's determination of a deficiency in gift tax owed by his late mother. | |
|------|------|------|
| | | January 11<br>Mr. Allison requested a one-year continuance in the probate case while he resolved the dispute with the Commissioner. |
| | | January 13<br>The Superior Court granted a continuance until January 4, 2001.  The order listed the reason for continuance as "Dispute with IRS." |
| | January 18<br>Mr. Allison filed a second petition in Tax Court, docket number 714-00, challenging the IRS's determination of a deficiency in estate tax. This case is closely related to the gift tax case. | |
| | April 26<br>Both Tax Court cases were put on the October 2000 Baltimore trial calendar. | |

| | | |
|---|---|---|
| | September 18<br>Mr. Allison and the Commissioner jointly moved to continue the Tax Court cases. Filed with the motion was a stipulation of agreed issues settling "all the outstanding issues in the two cases with the exception of the issues of fees and commissions on the Federal Estate Tax Return." These issues, they explained, "are currently the subject of litigation between [Mr. Allison] and a beneficiary." This litigation appears to be the probate case still pending in the Superior Court.<br><br>December 29<br>Mr. Allison, a graduate of Stanford Law School, was admitted to the Tax Court bar. | |
| **2001** | | January 4<br>The Superior Court again ordered Mr. Allison to close the estate or report on its status. |
| | May 17<br>The Tax Court cases were put on the October 2001 Baltimore trial calendar. | |

| | | |
|---|---|---|
| | | July 5<br>Mr. Allison requested another continuance of the probate case, until July 5, 2002, because the "[e]state [could not] be closed at [that] time because of a dispute with the [IRS]." Mr. Allison then promised to close the estate after he resolved the IRS dispute, not telling Superior Court of the stipulation of agreed issues filed in Tax Court.<br>    The Superior Court continued the case until December 20, 2001. |
| | August 21<br>Mr. Allison and the Commissioner jointly move a second time for a continuance, citing the unresolved probate case. | |
| | | December 27<br>The Superior Court continued the probate case until July 11, 2002, for good cause shown. |
| 2002 | April 3<br>The Tax Court cases were put on the September 2002 Baltimore trial calendar.<br><br>July 19<br>Mr. Allison and the Commissioner jointly move a third time to continue the Tax Court cases, Mr. Allison having advised the Commissioner "that the litigation between the personal representative and a beneficiary concerning the fees and commissions issues [was] still pending." | |

| | | |
|---|---|---|
| | | **September 11**<br>The Superior Court issued a form order to show cause and citation for contempt of court, but noted that "[Mr. Allison] appeared and gave good reason why there has not been compliance with prior court orders," and continued the contempt proceeding until November 13, 2002. The court also noted that this "[c]ase has been on [the] delinquency calendar since 12/03/1999 and each year [Mr. Allison] requests case be continued another year due to dispute with the IRS. Local agent never notified of delinquencies, and neither was creditor who has requested special notice."<br><br>**November 15**<br>Mr. Allison wrote the Superior Court explaining that the dispute with the IRS was still not resolved. He also requested the order to show cause be discharged because, he claimed, all creditors had been paid and the dispute with the IRS was set on the Tax Court's trial calendar and he expected the tax case to be called in September or October of 2003. (Note that the motion to remove the Tax Court cases from the trial calendar had already been granted and no new trial date had yet been set.) Mr. Allison also asked for a continuance of the probate case until December 1, 2003, saying that he couldn't close the estate until he obtained a release from the IRS. |

| | | |
|---|---|---|
| **2003** | <u>December 18</u><br>The Tax Court cases were put on the May 2003 Baltimore trial calendar.<br><br><u>March 20</u><br>Mr. Allison and the Commissioner jointly moved a fourth time to continue the Tax Court cases, Mr. Allison having advised the Commissioner "that the litigation between the personal representative and a beneficiary concerning the fees and commissions issues is still pending." | <u>June 7</u><br>Mr. Allison wrote a letter to the Superior Court (labeled an "Interim Status Report") explaining that he couldn't close the estate because of the ongoing IRS dispute.  He also said that the IRS cases were expected to be called on the 2004 trial calendar.  He asked the Superior Court to continue the probate case for another year without issuing another order to show cause.<br><br><u>June 16</u><br>The Superior Court, stating that "[Mr. Allison] appeared and gave good reason why there has not been compliance with prior court orders," continued the probate case until July 23, 2003.  It also noted that "[Mr. Allison] is directed to appoint a non-corporate entity as resident agent and to file documentation from IRS case in support of request for continuance." |

| | | |
|---|---|---|
| **2004** | | <u>July 21</u><br>Mr. Allison sent another "Interim Status Report" to the Superior Court similar to his June 7, 2003 letter. |
| | <u>November 24</u><br>The Tax Court cases were put on the April 2004 Baltimore trial calendar.<br><br><u>January 20</u><br>Mr. Allison and the Commissioner jointly move a fifth time to continue the Tax Court cases, Mr. Allison having advised the Commissioner "that the litigation between the personal representative and a beneficiary concerning the fees and commissions issues [was] still pending." | |
| | | <u>July 29</u><br>Mr. Allison sent another "Interim Status Report" to the Superior Court, similar to the previous reports, and stated that the Tax Court cases were "set on the trial calendar and * * * expected to be called on the 2005 trial calendar." He also wrote that "[a]ll of the assets of the Estate have been distributed. All of the creditors have been paid." |
| | <u>August 10</u><br>The Tax Court cases were put on the January 2005 Baltimore trial calendar. | |

| | | |
|---|---|---|
| | December 2<br>Mr. Allison and the Commissioner jointly moved a sixth time to continue the Tax Court cases, Mr. Allison having advised the Commissioner "that the litigation between the personal representative and a beneficiary concerning the fees and commissions issues [was] still pending."  We granted the motion, but put the cases on a status-report track and ordered them not returned to the general docket.  Mr. Allison did not inform the Commissioner or the Court that he had distributed all the estate's assets and paid all its creditors. | |
| 2005 | February 17<br>Mr. Allison filed a status report with the Tax Court and gave the same reasons for continuing the cases as contained in the previously filed joint motions, adding that the probate case was "not set for trial this year and that the probability of settlement before trial is very low."<br><br>February 22<br>The Tax Court ordered the parties to submit a status report with information allowing Tax Court to track the progress of the probate case over the internet. | |

| | | |
|---|---|---|
| | May 17<br>Mr. Allison wrote to the Tax Court that the Superior Court had not yet scheduled a trial date for the probate case.  He failed to mention that this was a result of his own repeated motions and reports to the Superior Court. | |
| | | August 12<br>The Superior Court ordered Mr. Allison to appear on November 9, 2005, and to show cause why he shouldn't be held in contempt.  The order also stated that Mr. Allison "shall produce documenting evidence of IRS dispute prior to hearing, in order to receive continuance.  Failure to do so shall result in closure of estate."<br><br>November 14<br>The Superior Court issued a form order to show cause and a citation for contempt of court, stating that "[Mr. Allison] appeared and gave good reason why there has not been compliance with prior court orders."  The court then continued the contempt proceeding until November 8, 2006.  The court also noted that the "Estate has two actions against IRS proceeding in US Tax Court." It is unclear what documentation, if any, Mr. Allison provided to the Superior Court or how he explained the lack of progress in the Tax Court cases. |

| | | |
|---|---|---|
| **2006** | December 7<br>The Tax Court issued to Mr. Allison an order to show cause, requiring him to set a trial date in the probate case or face dismissal of the Tax Court cases. | June 14<br>Mr. Allison told the Superior Court that the issue regarding administrative expenses had to be resolved and asked for a trial date. |
| **2007** | July 17<br>Mr. Allison filed a supplemental response to the Tax Court stating that the Superior Court had set a trial date for October 8, 2007.<br><br>December 19<br>Mr. Allison failed to file a status report with the Tax Court, and we ordered him to submit certified copies of all papers filed after July 1, 2006, in the Superior Court.<br><br>January 9<br>Mr. Allison failed to provide the copies, promising to do so when the Superior Court responded to his request.<br><br>March 1<br>We ordered Mr. Allison to submit the certified copies previously requested and not yet produced. | |

| | | |
|---|---|---|
| **2008** | March 9<br>Instead of submitting the copies, Mr. Allison filed a status report stating that his adversary in the probate case changed lawyers, and the new lawyer needed time to review the case documents. Also, Mr. Allison said that the burden of producing all the requested documentation was too heavy because the file was large. Mr. Allison attached a few certified copies from the probate case.<br><br>April 6<br>We ordered the Commissioner to produce the requested documents.<br><br>April 23<br>The Commissioner did so.<br><br>March 7<br>We issued an order to show cause why we should not sanction Mr. Allison for his conduct and ordering Mr. Allison to appear before this Court on April 2. | July 2<br>Mr. Allison successfully moved for continuance of the Superior Court trial date from October 2007 to February 4, 2008.<br><br>January 10<br>Mr. Allison successfully moved for continuance of the Superior Court trial date from February 4, 2008, to May 12, 2008. |

| | April 2<br>We held a hearing regarding the order but Mr. Allison didn't show up. | |
| --- | --- | --- |
| | | May 1<br>Mr. Allison successfully moved for continuance of the Superior Court trial date from May 12, 2008 to September 15, 2008. |

We must now decide whether to sanction Mr. Allison.

### Discussion

From the comparison of the documents filed with this Court and with the King County Superior Court, we believe that Mr. Allison is taking advantage of the calendar system of both courts to indefinitely postpone the resolution of the probate case and the Tax Court cases.  We find that he deliberately and repeatedly told each court that the other matter had to be resolved first, and in doing so, he has misled and misinformed this Court.

Section 6673[1] says in part:

> SEC. 6673  (a). Tax Court Proceedings.--
>
>> (1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--
>>
>>> (A) proceedings before it have been instituted or maintained by the taxpayer

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

> primarily for delay, the Tax Court, in
> its decision, may require the taxpayer
> to pay to the United States a penalty
> not in excess of $25,000.
>
> \*    \*    \*    \*    \*    \*    \*
>
> (2) Counsel's liability for excessive
> costs.--Whenever it appears to the Tax Court
> that any attorney or other person admitted to
> practice before the Tax Court has multiplied
> the proceedings in any case unreasonably and
> vexatiously, the Tax Court may require--
>
>> (A) that such attorney or other person
>> pay personally the excess costs,
>> expenses, and attorneys' fees reasonably
>> incurred because of such conduct \* \* \*

This penalty is used to "sanction and deter the use of false documents and testimony and to protect the integrity of our proceedings from intentional misconduct." Bagby v. Commissioner, 102 T.C. 596, 615 (1994).

Section 6673(a)(1) permits us to impose sanctions against the taxpayer--the estate in this case. In Williams v. Commissioner, 119 T.C. 276 (2002), an individual income tax case brought by a pro se petitioner, we imposed a $25,000 sanction under section 6673 after we found that the taxpayer had intentionally delayed the case by serially filing bad faith bankruptcy cases (and even forging what looked like bankruptcy court documents). We later discovered that he was allowing the bankruptcy cases to linger just long enough to invoke the automatic stay to delay trial in this Court. This outrageous behavior also prompted us to punish his dishonesty with an

additional $5,000 penalty for criminal contempt under section 7456. Id. at 282-83.

In this case, though, we think it more appropriate to sanction Mr. Allison personally in his role as the estate's attorney, so that any other beneficiaries of the estate don't suffer for his actions. Section 6673(a)(2)(A) gives us the power to make Mr. Allison himself pay any fees or excessive costs that the Commissioner has incurred as a result of his bad behavior-- actions which have "multiplied the proceedings * * * unreasonably and vexatiously."

Mr. Allison repeatedly requested continuances from this Court, telling us that he was pursuing the probate case diligently while repeatedly telling the probate court that he was moving forward in the Tax Court cases. He also has failed on many occasions to timely satisfy this Court's requests and orders. His failure to submit information regarding the status of the probate case that we requested in 2005 is especially notable, since it would likely have helped us catch his serial misrepresentations sooner.

Mr. Allison's education and legal experience, not to mention his admission to the Tax Court bar, underscore the egregiousness of his conduct. The issues in both cases before us are fairly simple and should have been resolved long ago. Instead, the cases before us have dragged on for over eight years, and the

probate case has lingered for more than a decade.  We therefore find that he used procedures of our Court primarily for delay, and in doing so was repeatedly dishonest.  Mr. Allison's persistence in the face of warnings from both courts thus warrants a penalty under section 6673(a)(2).  That section requires a determination of the costs imposed on the Commissioner, and we will order the Commissioner to file evidence of what those costs were.

Because Mr. Allison is an attorney currently admitted to practice before the Tax Court, other sanctions may be appropriate.  We will also send this opinion (and the order to show cause dated March 7, 2008) to the King County Superior Court for their consideration in In re Estate of Allison, No. 95-4-03740-0.

<u>An appropriate order will be issued</u>.