MARJORIE J. VOSS, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Voss v. Commissioner
Docket Nos. 13089-86; 13090-86; 13146-86
United States Tax Court
T.C. Memo 1989-238; 1989 Tax Ct. Memo LEXIS 238; 57 T.C.M. (CCH) 422; T.C.M. (RIA) 89238; May 15, 1989. Marjorie J. Voss, pro se. Mary E. (Betsy) Pierce, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax as follows: Petitioner Marjorie J. Voss; Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)(1) [2]
6653(a)(1)
6653(a)(2)
6654
1981
$   898.00
$ 225.00
$  45.00
* $  68.00
1982
745.00
186.00
37.00
**
74.00
1983
2,327.00
582.00
116.00
***
144.00
1984
1,888.00
472.00
94.00
****
119.00
*239 Petitioner Douglas E. Voss; Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1981
$   898.00
$ 225.00
$  45.00
* $  68.00
1982
2,809.00
702.00
140.00
**
213.00
1983
2,350.00
588.00
118.00
***
144.00
1984
1,888.00
472.00
94.00
****
119.00
Petitioner Bryan D. Voss; Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1981
$ 2,951.00
$ 738.00
$ 148.00
* $ 227.00
1982
3,030.00
758.00
152.00
**
295.00
1983
3,000.00
750.00
150.00
***
182.00
1984
3,334.00
834.00
167.00
****
209.00
These cases are before us on respondent's motions to dismiss for failure to properly *240 prosecute, to award damages pursuant to section 6673 and to impose sanctions pursuant to Rule 104, Tax Court Rules of Practice and Procedure.[3] These cases have been consolidated for purposes of opinion only. Petitioners Marjorie and Douglas Voss, husband and wife, and their son, petitioner Bryan Voss, were residents of Balsam Lake, Wisconsin at the time the petitions were filed in these cases. On December 21, 1987, respondent served interrogatories on petitioners pursuant to Rule 71. Petitioners timely served respondent with answers which were evasive, incomplete and did not comply with Rule 71(b). Respondent filed a motion to compel answers to the interrogatories and to impose sanctions pursuant to Rule 104. On May 4, 1988, after a hearing on respondent's motion, we ordered petitioners to file a response to respondent's motion on or before June 1, 1988. Petitioners did not comply with this Order and to date have not filed a response. These cases were called for trial in accordance with the Notice of Trial and the Standing Pre-trial Order in each case. No appearance *241 was made by any petitioner or representative. None of the petitioners complied with the Standing Pre-trial Order. Rule 123(b) provides for dismissal of a case for a party's failure properly to prosecute the case. Rule 104(c) provides that if a party disobeys an order of this Court requiring the party to properly answer interrogatories served on him, we may impose sanctions. Among the sanctions provided by Rule 104(c) are dismissal of the case (Rule 104(c)(3)) and the aggrieved party's reasonable expenses incurred because of the other party's failure to comply with the Court's order enforcing discovery (Rule 104(c)(4)). Dismissal of a case is a sanction that we exercise with discretion, Levy v. Commissioner,87 T.C. 794, 803 (1986), and is appropriately imposed if a taxpayer defies a discovery order of this Court. Dusha v. Commissioner,82 T.C. 592 (1984); Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984). A dismissal is warranted in these cases. Petitioners, without cause, have refused to cooperate with respondent in preparing their cases for trial, and, without excuse, have failed to comply with our order of May 4, 1988. *242 The record in these cases establishes that petitioners have had no interest in contesting either the deficiencies or additions to tax determined by respondent. Their responses to respondent's request for interrogatories were vexatious and designed to impede the progress of these cases toward trial. When specifically ordered by this Court to provide adequate answers or well-founded objections, petitioners remained silent. They failed to appear for trial and failed to comply with the Standing Pre-trial Order. Accordingly, we will dismiss these cases on grounds both of petitioners' failure to obey our discovery order and their failure properly to prosecute. Petitioners will be liable for the deficiencies and additions to tax as determined by respondent. Dismissal, of course, does not compensate respondent for the loss of his attorneys' time and other costs incurred in pursuing his discovery unnecessarily. Respondent incurred reasonable expenses caused specifically by petitioners' failures to comply with respondent's counsel's discovery attempts. By affidavits uncontested by petitioners, respondent's costs in attempting to obtain petitioners' answers to their interrogatories were *243 as follows: Petitioner Marjorie J. Voss
$ 794.13
Petitioner Douglas E. Voss
794.13
Petitioner Bryan D. Voss
455.57
We hold, therefore, that petitioners are liable, pursuant to Rule 104(c)(4), for these expenses. Finally, petitioners have exhibited total disinterest in presenting or proving the merits, if any, of their cases. We conclude that they instituted these cases primarily for delay. The time we have spent on these cases would have been productively used in disposing of cases which seriously require our attention. Consequently, we award damages to the United States and against each petitioner in the amount of $ 5,000 pursuant to section 6673 for maintaining each case primarily for purposes of delay. An appropriate order and decision will be entered for the respondent.
Footnotes
1. Cases of the following petitioners are consolidated with this case: Douglas E. Voss, docket No. 13146-86, and Bryan D. Voss, docket No. 13090-86.↩
2. All section references are to the Internal Revenue Code of 1954 as in effect for the years in issue unless otherwise indicated.↩
*. 50% of the interest due on $ 898.00 ↩
**. 50% of the interest due on $ 745.00 ↩
***. 50% of the interest due on $ 2,327.00 ↩
****. 50% of the interest due on $ 1,888.00 ↩
*. 50% of the interest due on $ 898.00 ↩
**. 50% of the interest due on $ 2,809.00 ↩
***. 50% of the interest due on $ 2,350.00 ↩
****. 50% of the interest due on $ 1,888.00↩
*. 50% of the interest due on $ 2,951.00 ↩
**. 50% of the interest due on $ 3,030.00 ↩
***. 50% of the interest due on $ 3,000.00 ↩
****. 50% of the interest due on $ 3,334.00↩
3. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩