ROLLERCADE, INC., VICTOR E. FOLKS, TAX MATTERS PERSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8442-90.  Filed July 30, 1991.

Victor E. Folks, pro se.
*Thomas M. Rath,* for the respondent.

OPINION

BEGHE, *Judge:* This matter is before us on respondent's motions to dismiss for failure properly to prosecute and to impose sanctions on petitioner pursuant to section 6673.[1]

## Background

Rollercade, Inc. (Rollercade), is an S corporation that operates a roller-skating rink in Detroit, Michigan. Victor E. Folks (petitioner), Rollercade's tax matters person, has an office in River Rouge, Michigan.

On January 30, 1990, respondent sent petitioner, as Rollercade's tax matters person, a notice of final S corporation administrative adjustment (FSAA), disallowing a deduction of $7,140 claimed by Rollercade with respect to contracted services for the taxable year ended September 30, 1986. The ground of the disallowance was that Rollercade had not established the amounts claimed as an ordinary and necessary business expense or that they "were expended for the purpose designated." On May 3, 1990, petitioner filed a timely mailed petition with this Court requesting a readjustment of the FSAA and alleging that—

The deduction represents disbursements for services performed that were done on a task-by-task basis, by individuals who were hired only to perform these specific tasks and whom [sic] had no ongoing obligation with the corporation.

The Petitioner, relying on these facts, relies on the thorough examination of corporate records, which would establish the deduction as an ordinary and necessary business expense.

On December 12, 1990, the Court served petitioner its notice setting this case for trial in Detroit, Michigan, at the session beginning May 13, 1991. This notice advised petitioner that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST

---

[1]Unless otherwise noted, all section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

YOU." The notice was accompanied by the Court's standing pretrial order which states in part:

### STANDING PRE-TRIAL ORDER

\* \* \* \* \* \* \*

*Policies*

You are expected to begin discussions as soon as practicable for purposes of settlement and/or preparation of a stipulation of facts. \* \* \*

If difficulties are encountered in communicating with another party \* \* \* you should promptly advise the Court in writing, with copy to each other party, or in a conference call among the parties and the trial judge.

\* \* \* \* \* \* \*

If any unexcused failure to comply with this Order adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions, including dismissal, to prevent prejudice to the other party or imposition on the Court. \* \* \*

*Requirements*

To effectuate the foregoing policies and an orderly and efficient disposition of all cases on the trial calendar, it is hereby

ORDERED that all facts shall be stipulated to the maximum extent possible. All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used to impeach the credibility of a witness. Objections may be preserved in the stipulation. If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party. \* \* \*

ORDERED that unless a basis of settlement has been reached, each party shall prepare a Trial Memorandum substantially in the form attached hereto and shall submit it directly to the undersigned and to the opposing party not less than fifteen (15) days before the first day of the trial session. \* \* \*

\* \* \* \* \* \* \*

ORDERED that all parties shall be prepared for trial at any time during the term of the trial session unless a specific date has been previously set by the Court. \* \* \*

On numerous occasions, respondent's appeals division asked petitioner's certified public accountant to substantiate the claimed deduction. In response to these requests, petitioner's certified public accountant informed respondent that petitioner would provide substantiation. To date,

respondent has not received any substantiation of the claimed deductions.

On April 3, 1991, respondent sent petitioner's certified public accountant a letter inviting him to a conference on April 17, 1991. This letter also notified petitioner of respondent's intention to seek a penalty under section 6673 if petitioner failed to cooperate. Petitioner did not respond to the letter, and neither petitioner nor his representative appeared for the conference.

On April 25, 1991, respondent served his trial memorandum with a copy to petitioner. Respondent's trial memorandum addressed the issue of a section 6673 penalty. Respondent also sent petitioner an overnight letter on May 9, 1991, which emphasized the importance of appearing at trial and addressed the issue of a section 6673 penalty.

Petitioner failed to file a trial memorandum and failed to appear in person or by counsel when the case was called for trial on May 13, 1991. At the call of the trial calendar, respondent moved orally to dismiss this case for failure properly to prosecute and to impose a section 6673 penalty on petitioner.

On June 11, 1991, respondent submitted a memorandum of law in support of his motion for a section 6673 penalty. On June 14, 1991, this Court ordered petitioner to file a response to respondent's memorandum by July 8, 1991. Petitioner has not filed any response to respondent's memorandum.

## Discussion

### Dismissal

Rule 123(b) provides for dismissal,

For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * *

Sanction by dismissal is exercised at the discretion of the trial court. *Levy v. Commissioner*, 87 T.C. 794, 803 (1986). Dismissal may properly be granted where the party's failure to comply is due to wilfulness, bad faith, or fault. *Dusha v. Commissioner*, 82 T.C. 592, 599 (1984). A case may be

dismissed for failure properly to prosecute when petitioner fails to appear at trial and does not otherwise participate in the resolution of his claim. *Basic Bible Church v. Commissioner*, 86 T.C. 110, 114 (1986); *Ritchie v. Commissioner*, 72 T.C. 126, 128-129 (1979); *Ulery v. Commissioner*, T.C. Memo. 1990-409.

Petitioner failed to submit a trial memorandum or appear in person or by counsel at trial. Petitioner did not enter into a stipulation or make himself available to participate in the stipulation process. Neither petitioner nor any of his representatives has ever submitted any substantiation to respondent in support of the claimed deduction. Petitioner and his representative ignored the last meeting scheduled by respondent and never gave respondent any notice of petitioner's intention to miss this meeting nor did they request any alternate meeting date.

We find that petitioner has failed properly to prosecute this case. Further, petitioner has failed to provide the Court with any excuse or explanation for his failure to comply with this Court's Rules and our standing pretrial order. We find that these failures were due to petitioner's wilfulness, bad faith, or fault. We will therefore grant respondent's motion and dismiss this case for failure properly to prosecute.

*Sanction Under Section 6673*

Section 6673(a), as amended,[2] authorizes the Court to impose a penalty against "the taxpayer," not in excess of $25,000, when the Court believes the proceedings were instituted or maintained primarily for delay, petitioner's position was frivolous or groundless, or petitioner unreasonably failed to pursue available administrative remedies. In section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Congress increased the maximum penalty under section 6673 from $5,000 to $25,000 for positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date, and changed the terminology of section 6673(a), replacing "damages" with "penalty." According to the legislative history, Congress changed the

---

[2]Congress last amended sec. 6673 in sec. 7731(a), Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2400.

language of section 6673(a) to make clear that the United States need not prove specific damages in order for the Court to impose a penalty under section 6673. H. Rept. 101-247, at 1399 (1989).

We have found that taxpayers instituted proceedings in this Court primarily for delay where they "exhibited total disinterest in presenting or proving the merits, if any, of their cases." *Voss v. Commissioner,* T.C. Memo. 1989-238, 57 T.C.M. 422, 424, 58 P-H Memo T.C. par. 89,238 at 1136. This Court also has held that taxpayers unreasonably failed to pursue available administrative remedies when they failed to accept or respond to the invitation of respondent's appeals division to discuss their case (*Swingler v. Commissioner,* T.C. Memo. 1990-437) and failed to respond to respondent's requests to substantiate deductions claimed on their returns. *Birth v. Commissioner,* 92 T.C. 769 (1989); *Swingler v. Commissioner, supra.*

Petitioner has displayed a complete lack of interest in presenting his case and has repeatedly ignored respondent's requests for substantiation of the claimed deduction. We therefore conclude that petitioner initiated this proceeding primarily for delay and has unreasonably failed to pursue available administrative remedies. Under these circumstances, it is appropriate to impose a penalty pursuant to section 6673.

We have never imposed a penalty pursuant to section 6673 on a petitioner who is a tax matters person challenging an FSAA. We must therefore address whether a penalty can be imposed in a proceeding challenging an FSAA and, if so, whether the S corporation, the tax matters person, or each of the shareholders is liable for a penalty under section 6673. Section 6673(a) provides that "the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000." A "taxpayer," as defined by section 7701(a)(14), is "any person subject to any internal revenue tax."

In the circumstances of this case, Rollercade, an S corporation, is a "pass-thru" entity not subject to tax. Sec. 1363(a). Thus, Rollercade is not a "taxpayer" within the meaning of section 7701(a)(14). However, each of

Rollercade's shareholders[3] for the taxable year ended September 30, 1986, is a "taxpayer" within the meaning of section 7701(a)(14) because corporate-level adjustments determined by this proceeding cannot be litigated in a personal income tax case, and respondent may determine the additional tax liability of the shareholders with respect to these adjustments by computational adjustment.[4]

Petitioner is a shareholder in Rollercade, inasmuch as the tax matters person of an S corporation is a shareholder designated by the other shareholders or the Secretary pursuant to section 6231(a)(7) and section 301.6231(a)(7)-1T, Temporary Proced. & Admin. Regs, 52 Fed. Reg. 6791 (Mar. 5, 1987).[5] Petitioner is also the only shareholder of Rollercade who has actually participated, pursuant to Rule 247, in the conduct of this proceeding on behalf of Rollercade.

Although Rollercade's shareholders for the taxable year ended September 30, 1986, are parties to this proceeding pursuant to sections 6226(c) and 6228(a)(4)(A), as made applicable to S corporations by section 6244, we find it inappropriate to impose a penalty on any shareholder who has not actually participated in this proceeding. We conclude that petitioner Victor E. Folks, tax matters person, is the "taxpayer" who instituted this proceeding primarily for delay and unreasonably failed to pursue available administrative remedies, and we therefore require petitioner to pay a penalty of $1,000 to the United States pursuant to section 6673.

Accordingly,

*Appropriate orders will be issued and a decision will be entered.*

---

[3] We do not know the number and identity of Rollercade's shareholders, other than petitioner, or whether their identity or holdings in Rollercade have changed between the taxable year ended Sept. 30, 1986, and the May 3, 1990, filing date of the petition.

[4] *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 745 (1987); *Maxwell v. Commissioner*, 87 T.C. 783, 792 (1986). Although *N.C.F. Energy Partners* and *Maxwell* both concern partnerships and determinations at the partnership level, their holdings are applicable to S corporations and determinations at the corporate level under sec. 6244, which extends many of the unified audit and litigation procedures of subchapter C of chapter 63 to S corporations.

[5] Although these provisions specifically refer to the designation of a general partner as the tax matters partner in a partnership, sec. 6244 makes these provisions applicable to designation of a shareholder as tax matters person of an S corporation.