T.C. Memo. 2008-1

UNITED STATES TAX COURT

ANTHONY D. LONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21515-05L.                    Filed January 2, 2008.

Anthony D. Long, pro se.

<u>Benjamin J. Peeler</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of prosecution and to
impose a penalty under section 6673(a)(1).[1]  For purposes of this

_____

[1]All section references are to the Internal Revenue Code,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

opinion, we shall treat respondent's motion as a motion to dismiss for lack of prosecution only.[2]

## Background

Petitioner resided in Los Alamitos, California, when the petition in this case was filed.

Petitioner filed multiple 2001 Federal income tax returns and amended returns at various times. Respondent determined that the positions taken by petitioner on his returns were frivolous. As a result, respondent prepared a substitute return for 2001 under section 6020(b). By a notice of deficiency dated November 12, 2003, respondent determined a deficiency in petitioner's Federal income tax for 2001 of $11,994 and additions to tax for 2001 under sections 6651(a)(1) and 6654(a) of $1,966.50 and $296.03, respectively.

On May 5, 2005, respondent mailed petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, and petitioner timely requested a hearing under section 6330. On May 12, 2005, respondent mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, and petitioner timely requested a hearing under section 6320. Respondent offered petitioner a face-to-face hearing if petitioner identified any relevant issues regarding the proposed collection actions. Petitioner refused to raise any relevant

---

[2]We deny respondent's request for a penalty under sec. 6673.

issues or offer his reasons for requesting the hearing, and respondent elected to schedule a telephone conference instead of a face-to-face hearing. Petitioner notified respondent that he could not participate in the telephone conference and reiterated his desire for a face-to-face hearing. On October 7, 2005, respondent issued petitioner a notice of determination because petitioner refused to cooperate with the Appeals officer. In the notice, the Appeals officer determined that respondent had met all legal and administrative requirements and that respondent could proceed with the proposed collection actions.

In response to the notice of determination, petitioner mailed a letter dated November 3, 2005, to the Court, which we received on November 14, 2005, and filed as a timely but imperfect petition. By order dated November 17, 2005, petitioner was given until January 3, 2006, to file a proper amended petition and pay the filing fee. No response to that order was received, and on February 22, 2006, we dismissed this case for lack of jurisdiction. On May 11, 2006, we received and filed petitioner's request for permission to file a motion to vacate the order of dismissal, along with petitioner's motion to vacate the order of dismissal, a designation of place of trial, and an amended petition. The motion to vacate the order of dismissal, the designation of place of trial, and the amended petition were lodged on May 11, 2006. On May 16, 2006, we granted petitioner's

request for permission to file a motion to vacate the order of dismissal. The motion to vacate the order of dismissal was filed and granted on May 16, 2006, and the designation of place of trial and the amended petition were filed on that date. The amended petition alleges, among other things, that respondent improperly denied petitioner a valid section 6330 hearing.

On August 31, 2006, we issued petitioner a notice setting his case for trial during the Court's February 5, 2007, Los Angeles, California, trial session. The notice warned petitioner that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Accompanying the notice was the Court's standing pretrial order, which directed the parties to take specific action to prepare for trial. The standing pretrial order also stated that "The Court may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this Order."

Respondent asserts in his motion that on or about September 20, 2006, he contacted petitioner by telephone. During this conversation, respondent explained to petitioner the Court's required stipulation process.[3] Respondent also warned petitioner that he should not raise any of the frivolous or groundless arguments that he had previously advanced. Petitioner requested

---

[3]The standing pretrial order requires that "all facts shall be stipulated to the maximum extent possible."

more time to build his case and gather necessary information, and the parties decided to wait until September 26, 2006, to schedule a meeting.

On September 26, 2006, respondent sent petitioner a letter detailing the informal discovery process under Rule 91 and requesting that petitioner send copies of all relevant documents to respondent pursuant to Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). Respondent also warned petitioner of the penalty under section 6673(a)(1) for raising frivolous arguments and instituting proceedings primarily for delay. On the same day, respondent received a telephone message from petitioner stating that he did not intend to meet with respondent or provide any other documentation. Petitioner also informed respondent that he would not respond to informal discovery requests and that any further communication would be made only by written correspondence.

On October 6, 2006, respondent sent petitioner another letter emphasizing the Court's requirement to conduct informal discovery and requesting that petitioner respond to the discovery requests. Respondent proposed a deadline of October 31, 2006, for responses to or requests for informal discovery. Respondent informed petitioner that the Court has characterized arguments like the ones made by petitioner as frivolous and groundless and

that respondent planned to file a motion for summary judgment and to impose a penalty under section 6673(a)(1).

In a letter dated October 23, 2006, petitioner asserted that discovery was unnecessary because review of petitioner's case by the Court should be limited to the administrative record. On December 8, 2006, petitioner filed a motion to set aside the trial date and to set a briefing schedule, arguing that the Court should not conduct a trial but instead should look at the administrative record to review respondent's determination. The Court denied petitioner's motion, and on January 16, 2007, petitioner filed a motion for reconsideration. The motion for reconsideration was calendared for hearing at the February 5, 2007, Los Angeles, California, trial session.

On January 23, 2007, respondent filed a motion for summary judgment, which the Court also calendared for hearing on the February 5, 2007, trial date. On February 2, 2007, petitioner filed a statement under Rule 50(c) in lieu of appearing at the trial session.[4]

On February 5, 2007, petitioner failed to appear at the scheduled trial session. The Court denied petitioner's motion

---

[4]Rule 50(c) permits a party subject to a hearing on a motion to submit a statement of his position with supporting documents in lieu of or in addition to attendance at the hearing. It does not authorize the submission of a statement in lieu of an appearance at trial.

for reconsideration.[5]  Because petitioner did not appear and did not cooperate with respondent in preparing the case for trial, respondent orally requested that the Court dismiss this case for lack of prosecution.  The Court gave respondent a period of time to file a written motion, and respondent's motion to dismiss for lack of prosecution and to impose a penalty under section 6673(a)(1) was filed on February 12, 2007.

On March 7, 2007, petitioner filed an opposition to respondent's motion.  Petitioner argues only that respondent's motion to dismiss for lack of prosecution and to impose a penalty under section 6673(a)(1) is an impermissible joinder of motions under Rule 54.  However, petitioner did not address the merits of respondent's motion or contest the facts alleged therein. Because we conclude that petitioner failed to properly prosecute this case for the reasons set forth below, we shall grant respondent's motion insofar as it seeks a dismissal of this case. In addition, because we conclude that we must grant respondent's motion to dismiss, we shall deny respondent's motion for summary judgment as moot.

## Discussion

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute

---

[5]Because of petitioner's failure to appear at the trial session, the Court did not hear respondent's motion for summary judgment.

his case, failure to comply with the Rules of the Court or any order of the Court, or for any cause that the Court deems sufficient. Rule 123(b). Dismissal is appropriate where the taxpayer's failure to comply with the Court's Rules and orders is due to willfulness, bad faith, or fault. See Dusha v. Commissioner, 82 T.C. 592, 599 (1984). In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim. Rule 149(a); Rollercade, Inc. v. Commissioner, 97 T.C. 113, 116-117 (1991); Smith v. Commissioner, T.C. Memo. 2003-266, affd. sub nom. Hook v. Commissioner, 103 Fed. Appx. 661 (10th Cir. 2004).

Petitioner disregarded the Court's Rules and standing pretrial order by failing to cooperate with respondent in preparing his case for trial. Respondent's counsel repeatedly asked petitioner to comply with respondent's informal discovery requests and to cooperate in preparing a stipulation of facts. Despite those requests, petitioner failed to respond to or produce any documents supporting his position. Petitioner's continuous refusal to meet respondent's requests for discovery made it impossible for the parties to exchange information, conduct negotiations, or prepare a stipulation of facts before trial. Petitioner failed to prepare and submit a pretrial memorandum before the scheduled trial session as required by the

Court's order, and he has yet to produce any documents relevant to his case.  In addition, petitioner failed to appear at the scheduled trial session.

Petitioner's course of conduct throughout the proceedings demonstrates that these failures are due to petitioner's willfulness, bad faith, or fault, and we conclude that dismissal of this case is appropriate.[6]  Petitioner has failed to comply with the Court's Rules and orders and has failed properly to prosecute this case.  See Rollercade, Inc. v. Commissioner, supra at 116-117; Smith v. Commissioner, supra.  Accordingly, we shall grant respondent's motion to dismiss this case for lack of prosecution.

An appropriate order
of dismissal and decision
will be entered.

---

[6]Petitioner has not raised any issue upon which respondent has the burden of proof.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Because petitioner failed to cooperate with respondent's request for information and documents, the burden of proof does not shift to respondent.  See sec. 7491(a).