T.C. Memo. 2010-24


UNITED STATES TAX COURT



WILLIAM G. PRECOURT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19110-08.                    Filed February 16, 2010.



        P's petition is one of eight that he has filed in
this Court, in addition to three complaints in the
District Court--all advancing frivolous arguments.  P
has been penalized under I.R.C. sec. 6673 on four
previous occasions, accumulating $22,500 in penalties.
P filed a petition in this case, asserting frivolous
arguments.  When this case was called for trial on
June 22, 2009, P failed to appear (as he had failed in
four prior cases), and R moved to dismiss for lack of
prosecution and to impose a penalty under I.R.C.
sec. 6673.

        Held:  R's motion to dismiss for lack of
prosecution will be granted.

        Held, further:  A penalty of $25,000 is imposed
against P under I.R.C. sec. 6673 for his maintaining
frivolous positions and for his instituting and
maintaining this suit primarily for delay.

William G. Precourt, pro se.

Louise R. Forbes, for respondent.


MEMORANDUM OPINION


GUSTAFSON, Judge:  The Internal Revenue Service (IRS) determined a deficiency of $12,554 in petitioner William G. Precourt's 2006 Federal income tax, together with additions to tax of $2,824.65 under section 6651(a)(1) for failure to file, $627.70 under section 6651(a)(2) for failure to pay tax, and $594.11 under section 6654(a) for failure to pay estimated tax.[1] Mr. Precourt petitioned this Court pursuant to section 6213(a) to redetermine the deficiency and additions to tax; but when his case was scheduled for trial, he failed to appear.  The case is now before the Court on respondent's "Motion to Dismiss for Failure to Properly Prosecute and to Impose a Penalty Under I.R.C. § 6673".

Since May 2004 Mr. Precourt has commenced eight separate cases in this Court and three related cases in Federal District Court.[2]  His petitions are largely the same except for years and

-------

[1]Unless otherwise indicated, all citations of sections refer to the Internal Revenue Code of 1986 (26 U.S.C.), as amended, and all citations of Rules refer to the Tax Court Rules of Practice and Procedure.

[2]Precourt v. Commissioner, docket No. 1450-09L (filed Jan.
(continued...)

amounts, sometimes addressing penalties that were not determined for that year.  He files new petitions while often failing to appear at trials or hearings in his existing cases.  In this case he failed to appear at trial despite the Court's explicit order served 10 days before the calendar call.

For the reasons discussed below, respondent's motion will be granted and a penalty in the maximum amount of $25,000 will be imposed.

## Background

The following facts are derived from the petition, from respondent's unopposed motion, and from the records of the U.S. District Court for the District of Massachusetts (District Court) and of this Court, as cited.[3]

---

[2](...continued)
21, 2009; dismissed Apr. 8, 2009); Precourt v. Commissioner, docket No. 19110-08 (this case, filed May 5, 2008); Precourt v. Commissioner, docket No. 16728-07 (filed July 25, 2007; dismissed Dec. 12, 2007); Precourt v. Commissioner, docket No. 20438-06S (filed Oct. 10, 2006; dismissed Jan. 30, 2008); Precourt v. Commissioner, docket No. 19695-06S (filed Sept. 27, 2006; summary judgment for respondent entered on Jan. 30, 2008); Precourt v. Commissioner, docket No. 15561-05L (filed Aug. 22, 2005; dismissed Dec. 5, 2006); Precourt v. Commissioner, docket No. 10645-05 (filed June 9, 2005; dismissed Aug. 19, 2005); Precourt v. Commissioner, docket No. 7411-05 (filed Apr. 20, 2005; dismissed June 16, 2005); Precourt v. IRS, No. 1:09-cv-11015-NG (D. Mass.) (filed June 15, 2009; dismissed Oct. 8, 2009); Precourt v. IRS, No. 1:06-cv-11738-NMG (D. Mass.) (filed Sept. 27, 2006; dismissed Aug. 6, 2007); and Precourt v. IRS, No. 1:04-cv-11021-REK (D. Mass.) (filed May 21, 2004; dismissed July 26, 2005).

[3]We take judicial notice, pursuant to Fed. R. Evid. 201, of

(continued...)

Mr. Precourt's First District Court Case

On May 21, 2004, Mr. Precourt filed a case in the District Court challenging an April 21, 2004, Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 that he had received from the IRS for a liability that we cannot identify from the available records. Precourt v. IRS, No. 1:04-cv-11021-REK (D. Mass.) (This case was eventually dismissed in July 2005, as is set out below.)

Mr. Precourt's First Tax Court Case (for 2002)

On April 20, 2005, Mr. Precourt timely filed a petition in the Tax Court, docket No. 7411-05, in response to a notice of deficiency for tax year 2002 (hereinafter, the 2002 deficiency case). His 18-paragraph petition was almost identical (except for dollar amounts and tax years) to the amended petition eventually filed in this case. His petition included his opposition to a penalty under section 6662 that the IRS had determined for that year.

---

³(...continued)
District Court and Tax Court proceedings in which Mr. Precourt was a party, as stated in our order of December 22, 2009 (to which documents from those proceedings are attachments A1 through J7). See Aguilar v. U.S. Immigration & Customs Enforcement Div., 510 F.3d 1, 8 n.1 (1st Cir. 2007); Bucci v. Essex Ins. Co., 393 F.3d 285, 296 n.5 (1st Cir. 2005), ("'It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.'") (quoting Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004)).

On May 10, 2005, respondent filed a motion to dismiss the 2002 deficiency case for failure to state a claim upon which relief can be granted. The Court set a hearing for June 15, 2005, and ordered Mr. Precourt to file an amended petition, which he did on May 31, 2005.

Mr. Precourt's Second Tax Court Case (for 2003)

On June 9, 2005 (i.e., nine days after filing his amended petition in the 2002 deficiency case), Mr. Precourt timely filed another petition, docket No. 10645-05, in response to a notice of deficiency for tax year 2003 (the 2003 deficiency case). The petition was virtually the same as the one filed in his 2002 case, except for differing years and amounts and the inclusion of a 19th paragraph. The petition had been modified to reflect the year and dollar amounts at issue, but it retained the opposition to an accuracy-related penalty under section 6662, even though the IRS did not determine any such penalty for 2003.

Mr. Precourt's First Failure To Appear

On June 15, 2005, just six days after filing the petition in the 2003 deficiency case, Mr. Precourt failed to appear at the motion hearing in the 2002 deficiency case. Respondent's motion to dismiss was granted the following day. Our order of June 16, 2005, held that "petitioner continues to make only frivolous and groundless arguments" and dismissed the case. Our order-- disposing of Mr. Precourt's first case in his string of eight

filed here--gave this warning (which he has repeatedly declined to heed, as we will show):

Section 6673(a)

Finally, we take this opportunity to acquaint petitioner with the penalty under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.

Although petitioner failed to raise a justiciable issue in his pleadings, we are not inclined to impose a penalty under section 6673(a)(1) in this case. Nevertheless, petitioner is admonished that the Court will consider imposing such a penalty should he return to the Court and advance similar arguments in some future case.

Dismissal of the District Court Case and the 2003 Deficiency Case

The next month, on July 26, 2005, the District Court dismissed his pending case. Days earlier, on July 8, 2005, respondent had filed a motion to dismiss the 2003 deficiency case for failure to state a claim upon which relief can be granted. By order of July 11, 2005, the Court set respondent's motion for a hearing on August 17, 2005, and directed Mr. Precourt to file an amended petition.

On August 5, 2005, Mr. Precourt filed an amended petition, and on August 16, 2005, he filed a statement in lieu of attendance pursuant to Rule 50(c), which permits a party to make a written submission in lieu of appearing at a hearing on a

motion.  Mr. Precourt attached to his statement the notice of deficiency, the Form 1040A, U.S. Individual Income Tax Return, that he had sent to the IRS for tax year 2003, his original and amended petitions, and a copy of our order of July 11, 2005, which set the date of the motion hearing.  His statement concludes with a paragraph that he reuses in later cases either word-for-word or in substantially similar form:

> Further, I pray that the Court will endeavor to review my case, and due to the complexity of the many rules and regulations that is way beyond the understanding of one who is not of legal mind, I ask that all due consideration be given to me in support of what I have stated all along in the handling of this matter.

The hearing occurred as scheduled on August 17, 2005.  The Court, comparing the previous case (which challenged the 2002 notice of deficiency) with the 2003 deficiency case before it, noted that "Petitioner's approach in both cases has been substantively identical."  On August 19, 2005, the Court entered an order dismissing the 2003 deficiency case and imposing a penalty under section 6673(a)(1) in the amount of $2,500.  The order noted the Court's finding that "petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay."  Thus, as of August 19, 2005, all three cases that Mr. Precourt had filed (the District Court case and the 2002 and 2003 deficiency cases) had been dismissed.

<u>Mr. Precourt's First CDP Case (2000-2001)</u>

However, the Court's order dismissing the 2003 deficiency case (served August 19, 2005) presumably crossed in the mail with Mr. Precourt's next petition (mailed August 20, 2005). That petition (docket No. 15561-05L, filed August 22, 2005) commenced a collection due process (CDP) case concerning Mr. Precourt's income taxes for tax years 2000 and 2001 (the 2000-2001 CDP case). The petition appealed, pursuant to section 6330(d), the IRS's decision to proceed with collection as described in a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. In the petition for the 2000-2001 CDP case, Mr. Precourt objected to the IRS's denial of a face-to-face CDP hearing. Respondent filed an answer on October 19, 2005, and trial was set for October 23, 2006.

On August 18, 2006, respondent filed a motion for summary judgment. On September 18, 2006, Mr. Precourt filed a response, which restated the "complexity of the many rules and regulations" language discussed above. Before that motion was heard and before the date set for trial in that case (October 23, 2006), Mr. Precourt filed three more lawsuits.

<u>Mr. Precourt's Three Filings in Fall 2006</u>

First, on September 27, 2006, Mr. Precourt filed a second complaint in the District Court, asking that court to compel the IRS to grant him a face-to-face CDP hearing concerning his income

taxes for tax years 2000 and 2001. Precourt v. IRS, No. 1:06-cv-11738-NMG (D. Mass.). (This case was eventually dismissed on August 6, 2007).

Second, also on September 27, 2006, Mr. Precourt timely filed another CDP petition in this Court (docket No. 19695-06S, the 2002 CDP case), in which he challenged an IRS collection determination concerning income tax for 2002--i.e., the same year that had been the subject of the 2002 deficiency case. In the 2002 CDP case he objected to the IRS's denying him a face-to-face CDP hearing as to the collection of that tax.

Third, on October 10, 2006, Mr. Precourt timely filed yet another petition in this Court (docket No. 20438-06S)--this one in response to a notice of deficiency issued for tax year 2004 (the 2004 deficiency case). The petition was worded mostly as if it were a CDP challenge, referring at one point to a "Notice of Determination", but it also referred to the "Deficiency Notice".

Mr. Precourt's Non-Appearance in October 2006

The 2000-2001 CDP case was set to be tried October 23, 2006, but Mr. Precourt acted as if his intervening filing of the District Court complaint excused any further participation in his Tax Court case. By a letter dated October 16, 2006, and referencing the 2000-2001 CDP case, Mr. Precourt informed respondent that he is not an attorney, should not be held to the same standards as a lawyer, and had filed a complaint with the

District Court in the matter (a copy of which was attached). Furthermore, he asserted that "the action of the hearing set for the Tax Court on 10/23/06 **should be <u>dismissed forthwith</u>**" and that "it is my contention that <u>no</u> further action need be done by me in this matter of the above referenced hearing and I will consider this matter closed under these circumstances."  Respondent advised Mr. Precourt by letter that the District Court did not have jurisdiction and that he was required to attend his Tax Court trial.

Mr. Precourt failed to attend a conference for his 2000-2001 CDP case that respondent had proposed for October 19, 2006.  In a letter dated October 22, 2006, Mr. Precourt advised respondent that "no further action will be taken on my part until the above action has been rectified and/or dismissed."

Mr. Precourt then failed to appear at the October 23, 2006, trial of his 2000-2001 CDP case.  The Court denied the pending motion for summary judgment, and respondent filed a motion to dismiss for lack of prosecution.  Mr. Precourt filed a three-sentence response to the motion to dismiss on November 16, 2006. The Court's order of December 5, 2006, observed:

> Petitioner's response, filed November 16, 2006, offers no reason why petitioner did not appear at the calendar call or why he did not prepare for trial.  Accordingly, for the reasons stated in respondent's motion to dismiss for lack of prosecution and for cause, it is
>
> ORDERED that respondent's motion to dismiss for lack of prosecution, filed October 23, 2006, is

> granted, and this case is dismissed for lack of
> prosecution. * * *

The 2000-2001 CDP case was thus disposed of, but the two cases filed in September and October 2006 (i.e., the 2002 CDP case and the 2004 deficiency case) were still pending.

The 2005 Deficiency Case

In July 2007 the IRS issued to Mr. Precourt a notice of deficiency for the year 2005. (At that time Mr. Precourt had two cases still pending in the Tax Court and one case pending in Federal District Court.) On July 25, 2007, Mr. Precourt sent a brief letter to the Court requesting forms to file an "S case" with the Court (i.e., a "small tax case" pursuant to section 7463 and Rules 170-175). The Court filed the letter as a petition, docket No. 16728-07 (2005 case), but ordered Mr. Precourt to file a proper amended petition and pay the filing fee. On August 29, 2007, Mr. Precourt filed an 18-paragraph amended petition that was virtually identical to the one he filed in his first case, the 2002 deficiency case. This was just over a month before the date set for trial of Mr. Precourt's two pending Tax Court cases.

Mr. Precourt's Non-Appearance in October 2007

The Court had served notice on Mr. Precourt in both the 2002 CDP case and the 2004 deficiency case that the cases would be called for trial on October 1, 2007. On the appointed day, Mr. Precourt once again failed to appear. As of that date, respondent had already filed a motion for summary judgment and

for a penalty under section 6673(a) in the 2002 CDP case, which motion the Court had set to be heard at the calendar call; and on that date, when Mr. Precourt did not appear, respondent filed a motion to dismiss for lack of prosecution in the 2004 deficiency case.

Rather than appearing, Mr. Precourt sent two letters to the Court, one for each case, dated the same day as the trial, October 1, 2007. They were captioned with the docket numbers and contained numbered paragraphs in which Mr. Precourt reiterated his position that his rights had been violated, requested that the Court not find him liable for any taxes, and repeated his request for leniency because he is a layman who (he alleges) is incapable of understanding the "complexity" of the applicable law.

In the dispositive motion in each case, respondent requested that a penalty be imposed on Mr. Precourt pursuant to section 6673(a). The Court took the motions under advisement (and granted them three months later, as is set out below).

Dismissal of the 2005 Deficiency Case

In the meantime, on October 12, 2007, respondent filed a motion to dismiss the 2005 deficiency case (commenced in July 2007) for failure to state a claim. The Court ordered Mr. Precourt to file a second amended petition by November 7, 2007, set the same date as the due date for an objection to

respondent's motion, and ordered that respondent's motion would be heard December 5, 2007.

Mr. Precourt filed a second amended petition on November 8, 2007, to which he attached as an exhibit his response to respondent's motion to dismiss.  In that response Mr. Precourt listed, as evidence that his rights had been denied, each of his previous cases by docket number, and he referred to Rule 50(c).  Mr. Precourt did not attend the motion hearing.

By order of December 12, 2007, the Court granted respondent's motion to dismiss the 2005 deficiency case and imposed a penalty under section 6673(a) in the amount of $5,000:

> [W]e find that the petition, the amended petition, and the second amended petition filed in this case fail to raise any justiciable issue.  See Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459; see also Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).
>
> We also find that petitioner's pleadings are frivolous and groundless, and that petitioner instituted this case primarily, if not exclusively, for purposes of delay.  See sec. 6673(a)(1); Coleman v. Commissioner, 791 F.2d 68, 71-72 (7th Cir. 1986); Crain v. Commissioner, supra at 1417-1418.  Having previously been before this Court and having previously been the recipient of a $2,500 penalty under section 6673(a), an even greater penalty is warranted in the instant case.
>
> Premises considered, it is
>
> ORDERED that respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And To Impose A Penalty Under I.R.C. § 6673(a)(1), filed October 12, 2007, is granted.  It is further * * *

ORDERED AND DECIDED that petitioner is liable for a penalty under section 6673(a)(1) in the amount of $5,000.

## Dismissal of the 2002 CDP Case and the 2004 Deficiency Case

As is noted above, in October 2007 the Court took under advisement respondent's dispositive motions in the 2002 CDP case and the 2004 deficiency case.  On January 30, 2008, the Court granted respondent's motion in each of the cases and imposed a penalty under section 6673 in each case.

The Court's order issued January 30, 2008, in the 2002 CDP case stated:

> Pursuant to notice, respondent's motion for summary [judgment] and penalty was called for hearing on October 1, 2007, at the Court's trial session in Boston, Massachusetts.  Counsel for respondent appeared and argued in support of respondent's motion.  There was no appearance by or on behalf of petitioner. Petitioner did not submit a statement under Rule 50(c). The Court took respondent's motion under advisement.

After reciting the history of Mr. Precourt's prior petitions, his non-appearance at hearings, and the prior imposition of section 6673(a) penalties against him, the Court stated:

> We conclude that petitioner has made only frivolous and groundless arguments throughout these proceedings and that petitioner brought and maintained these proceedings primarily for delay.  Given petitioner's history of filing "zero" tax returns and his consistently frivolous arguments in the six cases filed in this Court, despite warnings and the imposition of penalties under section 6673, an escalating penalty under section 6673 is appropriate in this case. * * *

Premises considered, it is

ORDERED that respondent's Motion for Summary Judgment and [To] Impose a Penalty Under I.R.C. § 6673, filed on August 31, 2007, is granted.  It is further * * *

ORDERED AND DECIDED that petitioner is liable for a penalty pursuant to section 6673(a) in the amount of $7,500.

In the 2004 deficiency case the Court stated in its order of

January 30, 2008:

Pursuant to notice, this case was called for trial in Boston, Massachusetts, on October 1, 2007. Petitioner failed to appear at the scheduled October 1, 2007, trial session, either in person or by counsel. Petitioner failed to contact the Court and provide a reason for his failure to appear at trial or otherwise communicate with the Court.

On October 1, 2007, respondent filed the instant Motion to Dismiss for Lack of Prosecution and To Impose a Penalty Under I.R.C. § 6673.  Respondent served this motion on petitioner by mail on October 1, 2007. Petitioner has not responded or objected to respondent's motion.

After again recounting Mr. Precourt's history, the Court stated:

We conclude that petitioner failed to file a tax return for 2004, attached frivolous and groundless protester rhetoric to the Form 1040A he submitted to respondent, filed a petition in this case that did not comport with the Rules of this Court, failed to communicate and cooperate with respondent, and failed to prepare for and attend the trial in this case. Petitioner brought and maintained these proceedings primarily for delay.  Given petitioner's history of filing "zero" tax returns and his consistently frivolous arguments in the six cases filed in this Court, despite warnings and the imposition of penalties under section 6673, an escalating penalty under section 6673 is appropriate in this case. * * *

Upon due consideration and for cause, it is

ORDERED that respondent's motion to dismiss for lack of prosecution and to impose a penalty, filed October 1, 2007, is granted and this case is hereby dismissed for lack of prosecution. It is further

ORDERED AND DECIDED that petitioner is liable for a penalty under section 6673(a)(1) in the amount of $7,500.

Thus, as of early 2008, Mr. Precourt had filed six cases in the Tax Court--i.e., the 2002 deficiency case, the 2003 deficiency case, the 2000-2001 CDP case, the 2002 CDP case, the 2004 deficiency case, and the 2005 deficiency case. He had submitted a Rule 50(c) statement for two hearings but had otherwise failed to appear at the hearings or trials set in those cases. Each case had ended with either dismissal or summary judgment for respondent. Penalties under section 6673(a) had been imposed in four of the cases--one penalty of $2,500 in August 2004, one penalty of $5,000 in December 2007, and two penalties of $7,500 in January 2008, for a total of $22,500. But evidently Mr. Precourt was undaunted.

Commencement of the Instant 2006 Deficiency Case

On May 24, 2007, the IRS received a Form 1040, U.S. Individual Income Tax Return, submitted by Mr. Precourt, on which every line from 6 through 77 either contained a zero or was left blank. Attached to the Form 1040 was a two-page statement alleging, inter alia, that he had received no income in the "constitutional sense." On February 2, 2008, using

third-party information identifying wages, unemployment compensation, and IRA distributions, the IRS prepared a substitute for return under section 6020(b), showing income of $62,602.

On April 18, 2008, the IRS issued to Mr. Precourt a statutory notice of deficiency for 2006, determining a deficiency in income tax and additions to tax for failure to file, failure to pay, and failure to pay estimated taxes, under sections 6651(a)(1) and (2) and 6654(a).

After receiving the April 2008 notice of deficiency, Mr. Precourt began this case with a short letter to the Court, filed on May 5, 2008, that requested a petition form and information about Tax Court procedures.[4]  He subsequently filed a detailed, 19-paragraph amended petition on August 5, 2008.[5] Three paragraphs were devoted to rebutting "the alleged 6662 penalty," despite the fact that the IRS did not determine any such penalty for 2006.

---

[4]In his petition Mr. Precourt alleged an address in Massachusetts (the same address that appears on the IRS's notice of deficiency and other papers in this case), and he alleged no different address as his legal residence.  We therefore find, for purposes of this case, that he resided in Massachusetts at the time he filed his petition.

[5]On September 30, 2008, respondent filed a motion to dismiss for lack of jurisdiction on the basis that the August 5, 2008, filing was not timely under section 6213(a). The Court denied respondent's motion, accepting Mr. Precourt's initial letter as a timely petition.

On January 16, 2009, the Court set this case for trial at the Boston, Massachusetts, trial session commencing June 22, 2009.  The notice served on the parties included the following:

> The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case.  YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

## The 2003/2004/2006 CDP Case

Around the time Mr. Precourt received the January 2009 notice of the upcoming trial in this case, he was commencing yet another suit.  About a month earlier, on December 8, 2008, the IRS had issued to Mr. Precourt a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, for his income tax for the year 2003 and for penalties under section 6702 ("Frivolous Tax Submissions") for 2004 and 2006. The second paragraph on the first page of the notice stated, "If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter"--i.e., by January 7, 2009.  See sec. 6330(d)(1).

On January 15, 2009 (i.e., more than 30 days after the IRS issued the December 8, 2008, notice), Mr. Precourt signed a petition challenging that determination, which he mailed on January 16, 2009 (docket No. 1450-09L, received and filed January 21, 2009).  On March 6, 2009, respondent moved to dismiss

the case for lack of jurisdiction, and the Court granted the motion and dismissed the case on April 8, 2009.

Mr. Precourt's Non-Participation in Pretrial Activities

Two weeks before the June 22, 2009, calendar call in this case, respondent submitted a pretrial memorandum to the Court in accordance with the standing pretrial order.  Mr. Precourt failed to submit a pretrial memorandum.  Respondent's memorandum alleged, among other things, that Mr. Precourt had failed to attend a pretrial "Branerton conference" with respondent, see Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), and that respondent did not expect Mr. Precourt to appear at the June 22 trial session.  Prompted by respondent's memorandum, the Court served an order on June 12, 2009--ten days before the calendar call--that stated as follows:

> Without prejudging the accuracy of respondent's allegations or prediction, we do take judicial notice of the records of this Court in prior proceedings involving this petitioner, and we note that petitioner did not appear on December 5, 2007, in Docket No. 16728-07, nor on October 1, 2007, in Docket Nos. 20438-06S and 19695-06S, nor on October 23, 2006, in Docket No. 15561-05L.  The warning stated in the notice of trial issued January 16, 2009, still stands:
>
> > YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.
>
> In view of the foregoing, it is
>
> ORDERED that petitioner shall appear at the calendar call at 10:00 a.m. on June 22, 2009, in Boston, Massachusetts, as previously ordered.

<u>Mr. Precourt's Commencement of a Third District Court Case</u>

On June 15, 2009, just seven days before he was due to appear at the calendar call for this case, Mr. Precourt filed a complaint against the IRS in the District Court. <u>Precourt v. IRS</u>, No. 1:09-cv-11015-NG (D. Mass). In that complaint Mr. Precourt requested the invalidation of the 2006 notice of deficiency, suspension of IRS enforcement activity, and dismissal of a proposed stipulation of facts that respondent had drafted for this case. (That District Court case was eventually dismissed on October 8, 2009.)

Mr. Precourt had preceded his District Court complaint with a letter to respondent dated June 11, 2009, indicating that he was ceasing participation in the Tax Court proceeding. In the letter, which is virtually identical to the one he submitted in the 2000-2001 CDP case, he asserted that "the action of the hearing set for the Tax Court on 06/22/09 **should be dismissed forthwith**" and that "it is my contention that <u>no</u> further action need be done by me in this matter of the above referenced hearing and I will consider this matter closed under these circumstances."

<u>Mr. Precourt's Non-Appearance in June 2009</u>

On the date of the calendar call in this case--Monday, June 22, 2009--Mr. Precourt failed to appear for trial. At the calendar call respondent's counsel advised the Court that on

Friday, June 19, 2009, Mr. Precourt had faxed to respondent a motion for continuance and a request that respondent deliver that motion to the Court.[6] The Court allowed Mr. Precourt's motion to be filed and then denied it. At the calendar call respondent filed a motion to dismiss for failure to properly prosecute. On June 26, 2009, the Court served an order directing Mr. Precourt to respond to the motion by July 13, 2009. Mr. Precourt has never filed any response.

## Discussion

Mr. Precourt has begun eight Tax Court cases, has failed to appear for trial or hearing at five of them, and has offered no support for the merits of any of them. Penalties have been assessed against him under section 6673(a) totaling $22,500, yet he continues to file suits that he evidently has no intention of prosecuting. In this case, he failed to participate in preparations for trial required by the standing pretrial order and he failed to appear at his trial despite an order specifically instructing him to appear.

His conduct justifies the dismissal of this case and the imposition of a penalty under section 6673(a) in the amount of $25,000, as we now show.

---

[6]Although the letter and motion were dated "Oct. 19, 2009" and "October 19, 2009," respectively, the fax machine timestamp indicates that they were sent on June 19, 2009, the Friday before the Monday trial.

## I.   Lack of Prosecution

The Court may, under Rule 123(b), dismiss a case for failure to properly prosecute or for failure to comply with Court orders. Failure to properly prosecute includes a taxpayer's unexcused failure to appear at trial or to otherwise participate in the resolution of his claim.  Rule 149(a); Rollercade, Inc. v. Commissioner, 97 T.C. 113, 116-117 (1991); Smith v. Commissioner, T.C. Memo. 2003-266, affd. sub nom. Hook v. Commissioner, 103 Fed. Appx. 661 (10th Cir. 2004).  Dismissal is appropriate where the taxpayer's failure to comply with the Court's Rules and orders is due to willfulness, bad faith, or fault.  See Dusha v. Commissioner, 82 T.C. 592, 599 (1984).

Over the course of his Tax Court litigation, Mr. Precourt has repeatedly failed to obey orders of the Court, and in this case he has consistently disregarded Court Rules since the time we denied respondent's September 30, 2008, motion to dismiss. Mr. Precourt must have known that his filing a District Court complaint would not end his Tax Court case, having tried that tactic once before in the fall of 2006 during the 2000-2001 CDP case and having seen both cases dismissed as a result. Nevertheless, in his June 19, 2009, letter to respondent he stated his intention to cease participation, saying that no further actions were needed on his part and that he considered the matter closed.

Mr. Precourt failed to follow the Court's standing pretrial order by failing to submit a pretrial memorandum and by failing to attend the required <u>Branerton</u> conference. Despite the January 16, 2009, notice setting the case for trial that the Court served on him, and despite a June 12, 2009, order reminding and instructing him to attend the trial set for June 22, 2009, Mr. Precourt failed to attend. Even after the trial, when the Court ordered him to respond to the outstanding motion to dismiss, he failed to respond or participate further in this case.

We find that Mr. Precourt's failings in this case are due to willfulness, bad faith, or fault. He has failed to comply with the Court's Rules and orders and has failed to properly prosecute his case. Thus, we conclude that dismissal is appropriate, and we will grant respondent's motion.

## II. Penalty Under Section 6673

The IRS is charged with the responsibility of assessing tax against taxpayers. Sec. 6201. When the IRS proposes to assess a deficiency of income tax, the taxpayer may file a petition asking the Tax Court to redetermine the deficiency, and the mere filing of the petition has the effect of delaying the assessment until the case has been decided by the Tax Court. Sec. 6213(a). This creates an opportunity for a cynical taxpayer to file a petition, even if he has no good-faith basis for doing so, in order to put

off the inevitable assessment of tax against him. To deter this abuse, the Court is authorized under section 6673(a)(1) to impose a penalty not in excess of $25,000 when the taxpayer's position is frivolous or groundless or it appears that proceedings before it have been instituted or maintained by the taxpayer primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Mr. Precourt's petition contained frivolous arguments (e.g., that he had received no income in the "constitutional sense"). This Court has repeatedly warned Mr. Precourt that frivolous arguments are subject to sanction, and we have followed through by imposing sanctions under section 6673 in four previous cases. Nevertheless, Mr. Precourt has continued to file frivolous petitions with this Court. He has persisted in his pattern of failing to appear for Court proceedings and failing to obey Court orders. We find that Mr. Precourt's position in this case is frivolous and that the case was instituted and maintained primarily for delay. Thus, we will impose a penalty under section 6673.

We note that penalties totaling $22,500 have previously been imposed against Mr. Precourt under section 6673, but this amount has not deterred him.[7] We conclude that the maximum penalty--$25,000--is therefore appropriate in this case.

We take no pleasure in imposing such a penalty. The Tax Court exists for the very purpose of giving taxpayers a forum within which they can challenge the IRS's determinations, and taxpayers who are not represented by counsel must feel free to resort to this Court without fear of penalty. Taxpayers who file petitions in good faith need have no such fear, even if they do not prevail in the litigation. This case, however, involves a litigant who persists in making frivolous arguments despite judicial warnings and who fails to appear before the Court, showing that he knows full well that his cases have no merit, and demonstrating that he brought this suit only to delay the inevitable assessment of tax that he owes. It is clear that he files Tax Court suits not in order to receive a hearing, but with an intention of failing to appear for a hearing. This is a flagrant abuse of the remedies that Congress created for taxpayers--an abuse that this Court has the responsibility to address. If prior penalties totaling $22,500 have not succeeded

---

[7]See Rodriquez v. Commissioner, T.C. Memo. 2009-92 (taking account of prior penalties in imposing the maximum penalty under section 6673(a)).

in getting his attention, then we can only hope that a $25,000 penalty will do so.

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.